The State of Ohio, Appellant, *v.* Lowe, Appellee.

[Cite as *State v. Lowe* (1994), 69 Ohio St.3d 527.]

(No. 93-493—Submitted December 8, 1993—Decided July 6, 1994.)

530

*Gerald L. Heaton,* Logan County Prosecuting Attorney, for appellant.

*Dennis Day Lager* and *Marc S. Triplett,* for appellee.

PFEIFER, J. Evidence of other acts is admissible if (1) there is substantial proof that the alleged other acts were committed by the defendant, and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *State v. Broom* (1988), 40 Ohio St.3d 277, 282–283, 533 N.E.2d 682, 690–691; Evid.R. 404(B); R.C. 2945.59. R.C. 2945.59 and Evid.R. 404(B) codify the common law with respect to evidence of other acts of wrongdoing, and are construed against admissibility. See *State v. Burson* (1974), 38 Ohio St.2d 157, 67 O.O.2d 174, 311 N.E.2d 526; *State v. Hector* (1969), 19 Ohio St.2d 167, 174–175, 48 O.O.2d 199, 203–204, 249 N.E.2d 912, 916–917.

That there is substantial proof that Lowe engaged in questionable activities with the young girls is not disputed. The issue is whether those activities tend to prove any of the enumerated purposes of Evid.R. 404(B).

The state argues that Lowe's activities with the girls should be admitted into evidence in order to show identity. Identity is the least precise of the enumerated purposes of Evid.R. 404(B). Evid.R. 404(B) states that other acts are not admissible "to prove the character of a person in order to show that he acted in conformity therewith," and we therefore must be careful when considering evidence as proof of identity to recognize the distinction between evidence which shows that a defendant is the *type* of person who might commit a particular crime and evidence which shows that a defendant *is* the person who committed a particular crime.

Other acts can be evidence of identity in two types of situations. First are those situations where other acts "form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment," and which are "inextricably related to the alleged criminal act." *State v. Curry* (1975), 43 Ohio St.2d 66, 73, 72 O.O.2d 37, 41, 330 N.E.2d 720, 725. For instance, if someone had seen Lowe trespassing on Mullet's property on the evening of the attack, or had seen him speeding away from the crime scene, or had found him trying to remove evidence from the crime scene, or had seen him threatening a witness, such evidence could be admitted to prove identity. Such evidence would directly tie Lowe to the crime at issue. The other acts the state seeks to introduce do not tie Lowe to the immediate background of, nor are they inextricably related to, the murders. The other acts in this case are separate from the planning, carrying out, and aftermath of the crimes at issue.

Other acts may also prove identity by establishing a *modus operandi* applicable to the crime with which a defendant is charged. "Other acts forming a unique, identifiable plan of criminal activity are admissible to establish identity under Evid.R. 404(B)." *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, syllabus. " 'Other acts' may be introduced to establish the identity of a perpetrator by showing that he has committed similar crimes and that a distinct, identifiable scheme, plan, or system was used in the commission of the charged offense." *State v. Smith* (1990), 49 Ohio St.3d 137, 141, 551 N.E.2d 190, 194. While we held in *Jamison* that "the other acts need not be the same as or similar to the crime charged," *Jamison*, syllabus, the acts should show a *modus operandi* identifiable with the defendant. *State v. Hutton* (1990), 53 Ohio St.3d 36, 40, 559 N.E.2d 432, 438.

A certain *modus operandi* is admissible not because it labels a defendant as a criminal, but because it provides a behavioral fingerprint which, when compared to the behavioral fingerprints associated with the crime in question, can be used to identify the defendant as the perpetrator. Other-acts evidence is admissible to prove identity through the characteristics of acts rather than through a person's character. To be admissible to prove identity through a certain *modus operandi*, other-acts evidence must be related to and share common features with the crime in question.

In *Jamison, supra,* where the crime committed was a robbery-murder which took place in the midafternoon in downtown Cincinnati, this court allowed evidence of seven other robberies defendant had perpetrated over a four-month span near downtown Cincinnati. The robberies, including the one at issue, had many similar qualities. In *Smith, supra,* where defendant was charged with murder for administering an overdose of morphine to an overnight guest, this court allowed evidence that another overnight guest of defendant had been killed

by an overdose of morphine. In *Broom, supra,* defendant was charged with abducting and killing a fourteen-year-old girl. This court ruled admissible evidence of defendant's two other attempted abductions which shared many of the characteristics of the one at issue.

Lowe's activities with the girls establish no *modus operandi* applicable to the Mullet and Griffin murders. Lowe acted in a completely nonviolent manner with the girls. All of the activities occurred at Lowe's home, when the children were entrusted to his care. There was no stalking of the girls, no element of surprise, and no force.

Mullet's killer, on the other hand, took her by surprise in her own home. The attack on her was brutally violent—she was stabbed in the chest repeatedly and her throat was slashed. There was no direct evidence that the attack was sexually motivated.

Lowe's other acts and the murders are not sufficiently related, nor do they share any significant common features. The state argues that the other acts and the murders were both grounded in sexual perversion, but evidence of the sexual nature of the murders was found insufficient by the trial court. The only arguably common feature of the other acts and the murders is the use of rope— Lowe sometimes tied the girls, and Mullet's feet were tied together with rope. The use of rope itself does not provide a distinctive behavioral fingerprint.

The evidence at issue neither inextricably ties Lowe to the underlying crime nor establishes a *modus operandi* consistent with the murders. Basically, the evidence shows that Lowe acted in an extraordinarily inappropriate, possibly criminal, manner with some very young girls. That evidence may support a conviction for disseminating matter harmful to juveniles, with which Lowe has also been charged. That evidence, however, does not belong in this case.

In *State v. Malinovsky* (1991), 60 Ohio St.3d 20, 573 N.E.2d 22, this court recognized the state's right to file midtrial appeals on evidentiary issues. The standard of appellate review in these appeals is the same as that in post-trial appeals. That is, " '[t]he trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, this court should be slow to interfere.' " *State v. Maurer* (1984), 15 Ohio St.3d 239, 265, 15 OBR 379, 401, 473 N.E.2d 768, 791, quoting *State v. Hymore* (1967), 9 Ohio St.2d 122, 128, 38 O.O.2d 298, 302, 224 N.E.2d 126, 130. This court previously held that "[t]he term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. With that standard of review in mind, the appellate court in this case correctly affirmed the trial court.

The trial judge certainly did not abuse his discretion in this case. The standard for admissibility of other-acts evidence is strict, and the evidence sought to be admitted here comes nowhere near that standard. This murder has kept the surrounding community on edge for the last eight years. In that crucible of emotion, the trial judge made the clearly correct ruling.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

APPENDIX

STATE'S EXHIBIT

Power - Tyler.

Beverly Sue, I love You

Bev - (Jimmy - Amy
      (Joe

Bev fucked: 20 (12 to 40)   (Dave
Sex : 7 (8 to 10)            (Sons (5)    - SAndy
femles: 10 (12 to 40)        (Jack        - Marie
Gils : 10 (2 to 10)          (Brad        - Mandy
                             (Top tie      Andy
                                          CHAd
            47
                             GARy
Animals                                    Son
                                           Bur
ALR    film (sound)                        Sons

                             (Annette      - Chthn
                             (Husband

                             Dog
                             Horse
                             Goat