I respectfully dissent from the majority opinion.
 I II
As appellant's first and second assignments of error involve the surveillance videotape, I shall address both assignments together.
In his first assignment of error, appellant maintains he was denied his right to a fair trial and due process because the trial court permitted identification testimony based upon the contents of a surveillance videotape, but denied appellant's request to play the tape to the jury. In his second assignment of error, appellant asserts violations of his constitutional rights based upon the trial court's failure to exclude testimony offered to prove the contents of the surveillance videotape when neither appellant nor the jury were permitted to review the tape. Specifically, appellant contends Evid.R. 1002, the Best Evidence Rule, requires the State to introduce the videotape in order to prove the contents thereof.
Evid.R. 1002 provides:
 To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio.
The term "photograph" includes not only still photographs, but also videotapes and motion pictures. Evid.R. 1001(2). "Rule 1002 applies only when a party attempts to prove the content of a writing, recording, or photograph." Paul C. Giannelli Barbara Rook Snyder, Baldwin's Ohio Practice, Rules of Evidence Handbook,
Authors' Comment to Evid.R. 1002 (1998).
In the case sub judice, the State offered Mucci's testimony regarding his visual observations of the surveillance videotape in order to identify appellant as the culprit. Mucci's testimony referred specifically to the contents of the videotape, i.e., a depiction of appellant as the individual stealing a bag of nickel shot. Additionally, Bower testified he viewed the tape with Mucci and Mucci identified appellant as the individual stealing the nickel. Further, Good testified he was advised by an employee that the videotape showed appellant stealing nickel. Since the State was utilizing this testimony to prove the contents of the videotape, the State was required to introduce the videotape pursuant to Evid.R. 1002. The fact the State did not have the appropriate equipment with which to play the tape does not make the evidence unavailable or inadmissable. Therefore, I find the trial court erred in permitting the State's witnesses to testify regarding the videotape without permitting the jury to view the tape.
I note appellant's trial counsel was offered the opportunity to view the videotape. Trial counsel chose not to take advantage of that opportunity. Since Mr. Solomon neither asked for a continuance nor a mistrial in order to obtain the proper equipment, I find no error in the trial court's failure to allow him to view the surveillance videotape.
In its Brief to this Court, the State suggests that appellant could have or should have offered the tape into evidence as his own exhibit. Since the videotape constitutes the best evidence regarding its contents, the State was ultimately responsible for introducing such evidence prior to soliciting testimony as to its contents. I find the State's attempt to shift the burden of proving its case to appellant is improper.
I would sustain appellant's first and second assignments of error.
 III IV
In his third and fourth assignments of error, appellant asserts the State engaged in prosecutorial misconduct in referring to his previous bad acts and in failing to produce the surveillance videotape.
The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott
(1990), 51 Ohio St.3d 160, cert. denied 112 L.Ed.2d 596; State v.Smith (1984), 14 Ohio St.3d 13.
Initially, I shall address appellant's argument as it relates to the State's failure to produce the surveillance videotape. Upon review of the record, I find the State did, in fact, disclose the existence of the videotape prior to trial and; therefore, the State complied with discovery rules. Though I find no prosecutorial misconduct with regard to the surveillance videotape, I find admission of testimony as to its contents reversible error as discussed in I and II, supra.
Appellant's second allegation of prosecutorial misconduct involves the State's attempt to elicit testimony regarding receipts from Morris Scrap Dealers without authentication of the evidence by a witness from the company. Appellant argues the State's questioning Good and appellant regarding the receipts created a clear inference appellant had committed similar bad acts. In response, the State alleges the line of questioning regarding the receipts was merely an attempt to attack appellant's credibility and to establish motive.
Both the Rules of Evidence and the Ohio Revised Code set forth certain circumstances under which evidence of prior bad acts may be admissible at trial. Specifically, Evid.R. 404(B) provides:
 (B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Further, R.C. 2945.59 provides:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
I note the fact the evidence of prior bad acts was offered to impeach appellant's credibility does not except it from the rule or statute. Unlike the majority, I find the trial court's "cautionary" (Majority Opinion at 7) instruction to the jury as to when other acts evidence is admissible and how it may be used does not cure the prosecutor's questioning regarding Morris Loan in light of the prosecutor's inability to lay a proper foundation for admission of this evidence anymore than instructing a jury as to the way it is to consider an expert's opinion would cure admission of the experts opinion if a proper foundation for that opinion was not established.
Interpreting the above provisions, the Ohio Supreme Court has held that evidence of other acts is admissible if (1) there is substantial proof that the alleged other acts were committed by the defendant and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. State v. Lowe (1994), 69 Ohio St.3d 527,530. The Court further noted that Evid.R. 404(B) and R.C. 2945.59 are to be construed against the admissibility and the standard for determining admissibility of such evidence is strict.Id. See also: State v. Broom (1988), 40 Ohio St.3d 277 at syllabus paragraph one.
Although difficult to decipher, each receipt reveals a transaction for numerous pounds of nickel. Each receipt bears a scribble, which may or may not represent an individual's signature. One receipt bears the following: "Pd 5/27/97" and "Ohio M C Curtis". The other receipt bears the following "Ohio M L-Curtis" and "Pd 5/12/96". The incident relative to the charge against appellant occurred on June 10, 1997. The State did not offer any witness to authenticate the receipts. Nor did the State present any evidence establishing Republic had experienced thefts of nickel on or about these dates. Further, the State did not present any evidence showing appellant sold nickel to Morris Scrap. Without such evidence, the only inference which can be drawn from the admission of the receipts is that appellant had previously engaged in illegal activity.
The trial court sustained appellant's counsel's objection to Good's testimony regarding the receipts, however, I find the State's pursuing evidence, which infers appellant committed prior bad acts and acted in conformity with those acts, without laying a proper foundation prejudicially affected appellant's right to a fair trial and; therefore, constitutes prosecutorial misconduct. "The attempt to communicate by innuendo through the questioning of witnesses when the questioner has no evidence to support the innuendo is improper." State v. Williams (1977), 51 Ohio St.2d 112,119. (Citation omitted).
I would sustain appellant's third and fourth assignments of error.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.