DECISION
Defendant-appellant Charles Williams has taken the instant appeal from his conviction upon jury verdicts finding him guilty of a single count of involuntary manslaughter and two counts of child endangering. He presents on appeal three assignments of error,[1] in which he challenges the trial court's exercise of its discretion in admitting "other acts" evidence and in finding an eight-year-old witness competent to testify, and further assails the court's denial of his Crim.R. 29 motion for acquittal on the child-endangering charges. Finding no merit to any aspect of the challenges advanced on appeal, we affirm the appellant's convictions.
On May 25, 1998, the appellant and his cohabitant, Christel Freeman, rushed their eleven-month-old daughter, Cassie, to Children's Hospital Medical Center because the child was having difficulty breathing. Emergency medical personnel resuscitated Cassie, but she never regained consciousness, and on June 4, 1998, she died.
Cassie's condition upon her admission to the hospital prompted hospital personnel to summon the police and focused the attention of the police on the child's parents. The police separately interrogated the appellant and Freeman. The pair offered similar accounts of the events preceding Cassie's respiratory distress, with each parent admitting to having spent, over the course of the evening, some time alone with Cassie in an upstairs bedroom. Freeman professed complete mystification with regard to the cause of the child's condition. The appellant, on the other hand, conceded in a taped statement that, while comforting Cassie, he might have "hugged her too tight," and that he thereafter, in an attempt to restore her breathing, had struck her with a closed fist. Following his interrogation, the appellant was arrested.
An autopsy, conducted on June 4, 1998, disclosed recent injuries to Cassie's cervical spine, thoracic spine, thoracic duct, and mesentary bowel, and healing fractures (sixteen in all) of the chest, ribs, legs, arms, wrist and shoulders. The coroner found the healing fractures to be more than two weeks old and thus not sustained contemporaneously with the bowel, cervical or thoracic injuries. He concluded that the cervical and thoracic injuries had provoked cardiac arrest and had, nine days later, caused Cassie's death. Based upon his assessment of the force necessary to effect the fatal injuries, the coroner ruled out the possibility that the injuries were inflicted accidentally.
On June 5, 1998, the Hamilton County Grand Jury returned a three-count indictment, charging the appellant with aggravated murder and two counts of child endangering. The charges were tried to a jury, which found the appellant not guilty of aggravated murder, but guilty of the lesser-included offense of involuntary manslaughter, and guilty of child endangering as charged in counts two and three of the indictment. The appellant was sentenced as appears of record, judgment was entered accordingly, and from that judgment, this appeal has ensued.
In his first assignment of error, the appellant challenges the trial court's admission of testimony concerning "acts [or] threats [of] violence" by the appellant against Freeman, Cassie, Cassie's half-sisters Brittany and Enaysia Freeman, and Brittany's preschool teacher. We find no merit to this challenge.
The appellant filed, prior to trial, a motion in limine, by which he sought a preliminary ruling on the admissibility under Evid.R. 404(B) of evidence of threats and incidents of domestic violence alleged to have been perpetrated by the appellant, but that had not been made the subject of criminal charges. Following a hearing, the trial court "den[ied]" the motion, and testimony to these "other acts" was adduced at trial.
A motion in limine is essentially a request for a precautionary ruling on an anticipated evidentiary issue. The trial court need not even rule upon the motion, and regardless of the court's disposition of the motion, error in the ultimate admission of the challenged evidence must be preserved by objection when the issue is broached at trial. In the absence of a timely objection, any error in the admission of the evidence is waived unless it rises to the level of plain error. See State v. Brown (1988), 38 Ohio St.3d 305,311-312, 528 N.E.2d 523, 533.
The appellant's brief is devoid of citation to those parts of the record on which he relies in support of his challenge to the admissibility of the "other acts" evidence. See App.R. 16(A). Moreover, the record discloses that the appellant failed to offer at trial timely and appropriate objections to the challenged testimony to permit the trial court to determine its admissibility in context and to preserve a claim of inadmissibility for review on appeal.
Evid.R. 404(B) precludes the admission of "evidence of other * * * acts" unrelated to the offense for which the accused is being tried, offered "to prove the character of [the accused] in order to show that he acted in conformity therewith." The rule then supplies a nonexhaustive list of exceptions, providing that "evidence of other * * * acts * * * may * * * be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."[2] Evid.R. 404(B) permits "other acts" evidence in a criminal proceeding if (1) substantial proof is adduced to show that the person against whom the evidence is offered committed the other acts, (2) one of the matters enumerated in the rule or the statute is a material issue at trial, and (3) the evidence tends to prove the material enumerated matter. See State v. Lowe (1994),69 Ohio St.3d 527, 530, 634 N.E.2d 616, 619; State v. Curry
(1975), 43 Ohio St.2d 66, 330 N.E.2d 720, syllabus.
The appellant placed at issue his identity as the perpetrator of the charged offenses, when, in argument and through his testimony and the cross-examination of prosecution witnesses at trial, he sought to establish that Freeman, and not he, was the family's chief proponent and practitioner of corporal punishment. The evidence adduced at trial of the appellant's commission of other acts of domestic violence was substantial in nature and tended to prove that the appellant, rather than Freeman, had inflicted upon Cassie the fatal injuries. We, therefore, hold that the trial court did not err in admitting the challenged evidence, when it was admissible under Evid.R. 404(B) to prove the appellant's identity as the perpetrator of the charged offenses. Accordingly, we overrule the first assignment of error.
In his second assignment of error, the appellant contends as follows:
 The trial court erred in improperly questioning the 8 yr. old [sic] child, Brittany Freeman, during her "competency voir dire." Questioning was incomplete and as such rendered her testimony inadmissible.
 The challenge presented here, as we perceive it, is to the adequacy of the voir dire conducted by the trial court, the prosecution and defense counsel into the competency of Freeman's daughter and Cassie's half-sister, eight-year-old Brittany Freeman, to testify at trial. We find this challenge to be untenable.
A "child under ten years of age, who appear[s] incapable of receiving just impressions of the facts and transactions respecting which [he is] examined, or of relating them truly," is not "competent to be a witness." Evid.R. 601(A). The determination of a witness's competency is committed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of that discretion. See State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph one of the syllabus.
The purpose of the pre-testimony voir dire of a witness under ten years of age is to discern the following:
 (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful.
 State v. Frazier (1991), 61 Ohio St.3d 247, 574 N.E.2d 483, syllabus. The record shows this purpose to have been central to the voir dire conducted prior to eight-year-old Brittany's trial testimony. In light of Brittany's responses to the questions posed, we cannot say that the trial court, in determining that she was competent to testify, abused its discretion. We, therefore, overrule the second assignment of error.
In his third and final assignment of error, the appellant challenges the denial of his Crim.R. 29 motion for acquittal on the child-endangering charges. We hold that the trial court properly submitted the charges to the jury, when, upon the evidence adduced at trial, reasonable minds could have reached different conclusions as to whether each material element of the offenses had been proven beyond a reasonable doubt. See State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184. We, therefore, overrule the third assignment of error.
Upon our determination that the challenges advanced on appeal are without merit, we affirm the judgment of the trial court.
Hildebrandt, P.J., concurs.
Painter, J., concurs separately.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] This court, by entry dated January 28, 2000, ordered that the appellant's fourth assignment of error be stricken.
[2] R.C. 2945.59 similarly provides as follows:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.