For the reasons that follow, I respectfully concur in judgment only as I part company with that portion of the majority opinion concerning the admissibility of evidence regarding appellant's involvement in the Hillwick break-in.
With respect to the sixth assignment of error, appellant complained that the trial court erred when it allowed the state to introduce evidence that appellant had broken into the Hillwick residence. Generally, under Evid.R. 404(B), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person * * *." However, evidence of other acts is admissible when the evidence proves "identity by establishing a modus operandi applicable to the crime with which a defendant is charged." State v. Lowe (1994), 69 Ohio St.3d 527,531. This means that "[o]ther acts forming a unique, identifiable plan of criminal activity" are admissible, State v. Jamison (1990),49 Ohio St.3d 182, syllabus, "to establish the identity of a perpetrator by showing that he has committed similar crimes and that a distinct, identifiable scheme, plan, or system was used in the commission of the charged offense." State v. Smith (1990), 49 Ohio St.3d 137, 141.
With respect to the break-in at the Hillwick residence, Fazzalore testified that before breaking into the residence, appellant dismantled the alarm system. In relation to the break-ins at Great Lakes Auto Recycling and the Red Hawk Grille, the same method of disabling the alarm system was employed. From this, I conclude that the act of disabling alarms systems is adequate to establish a modus operandi identifiable with appellant. Accordingly, the trial court did not err in allowing testimony concerning the Hillwick break-in under Evid.R. 404(B), as it was sufficiently probative to establish the identity of appellant.
Therefore, while I disagree with the majority's treatment of this issue, I still concur in the reversal as there are remaining issues which demonstrate error on the part of the trial court.