[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant, Tracy Rowe, was convicted of one count of burglary pursuant to R.C. 2911.12(A)(4) and one count of burglary pursuant to R.C. 2911.12(A)(1). In this appeal, he presents six assignments of error for review.
In his first assignment of error, he contends that the trial court erred in admitting evidence of "other acts" when those acts were not relevant to the charges in the indictment. Evidence of "other acts" may be introduced to establish the identity of a perpetrator by showing that he has a distinct, identifiable scheme, plan or system that he used in the commission of the charged offense. State v. Hutton (1990),53 Ohio St.3d 36, 40, 559 N.E.2d 432, 438. The "other acts" in this case were part of the immediate background of the crimes charged, they were inextricably related to the charged offenses, and they demonstrated an identifiable plan of criminal activity. Therefore, evidence of those other acts was admissible pursuant to Evid.R. 404(B). State v. Lowe
(1994), 69 Ohio St.3d 527, 530-531, 634 N.E.2d 616, 619-620; State v.Griffin (2001), 142 Ohio App.3d 65, 71-74, 753 N.E.2d 967, 971-973; Statev. Smith (May 14, 2001), Butler App. Nos. CA2000-05-093 and CA2000-05-095, unreported. Consequently, the trial court did not abuse its discretion in admitting the "other acts" evidence, and we overrule Rowe's first assignment of error.
In his second assignment of error, Rowe argues that he was denied due process due to numerous instances of prosecutorial misconduct. The conduct of the prosecuting attorney is not grounds for reversal unless it deprived the defendant of a fair trial. State v. Keenan (1993),66 Ohio St.3d 402, 405, 613 N.E.2d 203, 206; State v. Hirsch (1998),129 Ohio App.3d 294, 309-310, 717 N.E.2d 789, 800. In this case, the alleged incidents of prosecutorial misconduct were not sufficient to deprive Rowe of a fair trial, particularly given the strength of the evidence against him. Further, the trial court sustained objections to the prosecutor's conduct, admonished the prosecutor and gave curative instructions. See State v. Freeman (June 9, 2000), Hamilton App. No. C-990213, unreported. Under the circumstances, we cannot hold that the alleged prosecutorial misconduct deprived Rowe of his substantial rights. See State v. Lott (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293,300; Hirsch, supra, at 309, 717 N.E.2d at 800. Accordingly, we overrule Rowe's second assignment of error.
In his third assignment of error, Rowe states that the trial court erred in allowing the state's expert witness to testify as to the statistical probability of DNA evidence when she was not properly qualified to testify as an expert witness in statistical analysis. The state's expert was properly qualified as an expert in DNA analysis. She testified as to the DNA analysis she performed on dried bloodstains recovered by the police and to her conclusion that the DNA profile she had obtained from Rowe matched the DNA in the recovered blood samples. She concluded that this DNA profile only occurred in every one in eight hundred sixty-four trillion three hundred billion African-American individuals.
The determination of whether a witness possesses the qualifications necessary to allow expert testimony lies within the trial court's discretion, and this court will not reverse the trial court's ruling regarding the qualifications of an expert absent an abuse of that discretion. State v. Wages (1993), 87 Ohio App.3d 780, 786, 623 N.E.2d 193,197. The state's expert had degrees in chemistry and forensic science. She had substantial training in DNA analysis. Though she conceded that she did not consider herself an expert in statistical analysis, she was lab certified in the use and interpretation of statistics. She was also trained in the use of the computer program that generated the statistics to which she testified.
Under the circumstances, we cannot hold that the trial court abused its discretion in allowing her to testify regarding the statistical probability of DNA evidence. This court, as well as other courts, has upheld convictions in similar situations where the DNA experts testified as to statistical conclusions without being experts in statistical analysis. See State v. Austin (1998), 131 Ohio App.3d 329, 337-338,722 N.E.2d 555, 560-561; Wages, supra, at 786-787,623 N.E.2d at 197-198; State v. Martin (Aug. 14, 2000), Brown App. No. CA99-09-026, unreported; State v. Prather (July 10, 1995), Brown App. No. CA94-08-010, unreported. Accordingly, we overrule Rowe's third assignment of error.
In his fourth assignment of error, Rowe contends that he was denied effective assistance of counsel. Rowe has not demonstrated that his counsel's representation fell below an objective standard of reasonableness or that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Consequently, he has failed to meet his burden to show ineffective assistance of counsel.Strickland v. Washington (1984), 466 U.S. 668, 687-688, 104 S.Ct. 2052,2064; State v. Hamblin (1988), 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476,479-480. Accordingly, we overrule his fourth assignment of error.
In his fifth assignment of error, Rowe contends that his convictions were against the manifest weight of the evidence. After reviewing the record, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Rowe's convictions and order a new trial. Therefore, the convictions were not against the manifest weight of the evidence, and we overrule his fifth assignment of error. See State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546-547; State v. Allen (1990),69 Ohio App.3d 366, 374, 590 N.E.2d 1272, 1278.
In his sixth and last assignment of error, Rowe contends that the trial court erred in imposing maximum consecutive sentences. The trial court specifically found that Rowe posed the greatest likelihood of recidivism. The court based this finding on Rowe's prior convictions for similar offenses, his community-control status when the charged offenses occurred, his prior unsuccessful parole and his lack of remorse. Consequently, the trial court made the findings required by R.C. 2929.14(C) to justify the imposition of the maximum sentence for each of the offenses and adequately stated its reasons for making those findings. SeeState v. Edmonson (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131, 135;State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported; State v. Napier (Aug. 28, 1998), Hamilton App. No. C-980900, unreported.
Similarly, the court found, as required by R.C. 2929.14(E)(4), that consecutive sentences were necessary in this case to protect the public from future crime and to punish Rowe, and that consecutive sentences were not disproportionate to the seriousness of Rowe's conduct and the danger he posed to the public. The court further found that Rowe was under a type of court control when he committed the offenses and that his criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime, pursuant to R.C. 2929.14(E)(4)(a) and (c). These findings were based on Rowe's unsuccessful prior experience under community control and his previous convictions for similar offenses. Consequently, the court made the appropriate findings to justify the imposition of consecutive sentences. See State v. Smith
(Sept. 17, 1999), Hamilton App. No. C-980887, unreported.
Rowe also argues that the trial court imposed a prison term for a fourth-degree felony without making the findings required by R.C.2929.13(B). Since the court imposed the maximum sentence for the fourth-degree felony offense, it was not required to make the findings for imposing a prison term under R.C. 2929.13(B). See State v. Rowland
(May 11, 2001), Hamilton App. No. C-000592, unreported; State v. Delaney
(Aug. 20, 1999), Hamilton App. No. C-981017, unreported. Further, though the court did not check the appropriate boxes on the sentencing worksheet, the court did find that Rowe had previously served a prison term and that he had committed the offenses while subject to a community-control sanction pursuant to R.C. 2929.13(B)(1)(g) and (h).
Under the circumstances, we cannot hold that the trial court's sentences were not supported by clear and convincing evidence or that they were contrary to law. Therefore, we do not disturb them. R.C.2953.03(G)(1); State v. Davenport (July 30, 1999) Hamilton App. No. C-980516, unreported; Napier, supra. Accordingly, we overrule Rowe's sixth assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.