This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Charles Clouser appeals his convictions and sentence in the Lorain County Court of Common Pleas. This Court affirms.
 I.
Clouser and his victim, Melissa Brosky, had been dating for five months and were cohabiting in Sheffield Township.
On or about August 18 or 19, 1999, Clouser struck Brosky, breaking her nose and chipping her front tooth. Clouser struck Brosky again, knocking her unconscious. Clouser left the residence thereafter.
When Brosky awoke she called upon her neighbor for help. Lorain County Sheriff's deputies were called to the scene, and witnessed that Brosky had bled from her nose upon her face and clothing, the swelling about her face, and her blackened eyes. Brosky identified Clouser as the culprit.
On December 29, 1999, Clouser was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1); and one count of domestic violence, in violation of R.C. 2919.25(A). The matter proceeded to trial on February 5, 2001. Clouser was found guilty as charged and was sentenced accordingly.
Clouser timely appeals, raising three assignments of error.
 II. FIRST ASSIGNMENT OF ERROR THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY ADMITTING OVER OBJECTION TESTIMONY CONCERNING PRIOR ACTS OF THE DEFENDANT IN VIOLATION OF EVID.R. 404(B) AND THE DUE PROCESS CLAUSE OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
In his first assignment of error, Clouser claims use of an other act against him in trial caused him prejudice. This Court disagrees.
Evid.R. 404(B) sets forth the familiar standard governing other acts evidence:
 Other crimes, wrongs or acts: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
R.C. 2945.59 similarly states:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his the defendant's part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his the defendant's motive or intent, the absence of mistake or accident on his the defendant's part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
If there is substantial proof that the alleged other act was committed by the defendant and the evidence does in fact tend to prove intent, then evidence of the other act may be admissible. See State v. Lowe (1994),69 Ohio St.3d 527, 530, citing State v. Broom (1988), 40 Ohio St.3d 277,282-283, cert. denied (1989), 490 U.S. 1075. Such evidence should tend to prove that the accused understood the wrongful nature of his present offense by virtue of the fact that he committed prior or subsequent wrongful acts. State v. Smith (1990), 49 Ohio St.3d 137, 140, citingState v. Greer (1981), 66 Ohio St.2d 139, 142. The improper use of other acts evidence necessitates reversal only when there is a "reasonable probability that the testimony contributed to the accused's conviction."State v. Treesh (2001), 90 Ohio St.3d 460, 483, quoting State v. Lytle
(1976), 48 Ohio St.2d 391, paragraph three of the syllabus.
In the instant case, the other act presented was Clouser shoving Brosky off her feet, causing her to break her ankle. This attack came shortly before the abuse that was the subject of the indictment. This Court concludes that the use of the previous assault against Brosky was admissible to show the absence of mistake or accident, and is probative of Clouser's motive. See, e.g., State v. Blonski (Dec. 31, 1997), Medina App. No. 2654-M, unreported (pattern of arguments and abuse properly admitted at trial for subsequent act of domestic violence). Accordingly, the trial court properly admitted the evidence.
Clouser's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE DEFENDANT'S CONVICTION FOR FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE VICTIM RECEIVED SERIOUS PHYSICAL HARM.
In his second assignment of error, Clouser claims that his conviction for felonious assault was against the manifest weight of the evidence because Brosky's injuries did not demonstrate serious physical harm. This Court disagrees.
 In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction.
(citations omitted.) State v. Otten (1986), 33 Ohio App.3d 339, 340.
Clouser was convicted of felonious assault, which provides: "No person shall knowingly * * * cause serious physical harm to another[.]" R.C.2903.11(A)(1). Serious physical harm is defined as "physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement." R.C. 2901.01(A)(5)(d).
Here, Brosky suffered a broken nose, a broken front tooth, black eyes, and a swollen face from the trauma visited upon her at the hands of Clouser. Brosky testified to a discreet scar on her nose. Considering the extent of Brosky's injuries, this Court cannot say that the trier of fact clearly lost its way or created a manifest miscarriage of justice. See,e.g., State v. Metz (Jan. 24, 2001), Summit App. No. 20144, unreported (victim's injuries for a broken nose and facial laceration demonstrated serious physical harm).
Clouser's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE SENTENCE IMPOSED ON THE DEFENDANT IS VOID BECAUSE THE SENTENCE WAS NOT IMPOSED BY THE JUDGE BEFORE WHOM THE CASE WAS TRIED AND THE PROCEDURE SET FORTH IN CRIM.R. 25(B) WAS NOT FOLLOWED.
In his third assignment of error, Clouser claims error when he was sentenced by a judge other than the judge before whom he had been tried. See Crim.R. 25(B). However, at sentencing, Clouser failed to object to the substitute judge passing sentence upon him. Accordingly, Clouser has waived this claim. See Berger v. Berger (1981), 3 Ohio App.3d 125,130-131.
Clouser's third assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
BAIRD, P.J., BATCHELDER, J. CONCUR.