OPINION
Defendant-appellant Hollie Hardman appeals his convictions and sentences entered by the Delaware County Court of Common Pleas, on two counts of attempted theft of a motor vehicle, in violation of R.C.2923.02(A); and one count of possession of criminal tools, in violation of R.C. 2923.24(A). Plaintiff-appellee is the State of Ohio.
 STATEMENTS OF THE FACTS AND CASE
On March 3, 2001, the Delaware County Grand Jury indicted appellant on a six count indictment: count one, receiving stolen property, in violation of R.C. 2913.51; count two, attempted theft of a motor vehicle, in violation of R.C. 2913.02; count three, possession of criminal tools, in violation of R.C. 2923.24; count four, attempted theft of a motor vehicle, in violation of R.C. 2913.02; count five, possession of criminal tools, in violation of R.C. 2923.24; and count six, attempted burglary, in violation of R.C. 2911.12. Appellant entered pleas of not guilty to all the charges at his arraignment on May 16, 2001.
Subsequently, on June 1, 2001, appellant entered a written plea of not guilty by reason of insanity. Via Judgment Entry filed June 5, 2001, the trial court ordered appellant to submit to a psychiatric examination at the Net Care Forensic Psychiatry Center. The trial court conducted a competency hearing on July 23, 2001. Via Judgment Entry filed August 9, 2001, the trial court found appellant competent to stand trial based upon the report filed by Net Care Forensic. The matter proceeded to jury trial on October 11, 2001.At trial, Rosia Clark testified she, her husband, and their three children resided at 107 Roth Street, Apt. B, in Delaware, Ohio, on February 5, 2001. On that day, she and her husband noticed the back window of their 1987 Dodge pickup was opened, but they had not left it open. Mr. Mrs. Clark entered their apartment to get the telephone. When they returned, they observed an individual partially inside their vehicle. Mr. Clark yelled at the man, who immediately jumped into a waiting car and sped off. Mrs. Clark later identified appellant as the person inside the pickup. Mrs. Clark immediately contacted the police. Upon examination of the pickup, the Clarks found the ignition had been "broken and busted." Tr. at 227. Mrs. Clark noted the truck was undamaged prior to the February 5, 2001 incident.
Amy Coy testified she and some friends were leaving her Fern Drive apartment at approximately 11:30 p.m. on February 8, 2001, when appellant tapped on the window of her car, asking for a ride. Coy and her friends refused, and drove away. Coy noted she had also observed appellant walking around the parking lot while she was waiting for one of her friends. When Coy and her friends returned to the apartment complex at approximately 2:30 a.m. on February 9, 2001, Coy observed an illumination from a flashlight coming from the inside of a car owned by her friend, Mike Herrell. Coy walked toward Herrell's vehicle and observed appellant sitting inside. Coy looked in the window and asked appellant what he was doing. As she walked away, appellant said, "Don't tell on me." Tr. at 195. Coy immediately proceeded to Herrell's apartment and advised him of appellant's presence in his car. When appellant observed Herrell, he exited the vehicle and ran from the area.
Michael Herrell testified he was asleep at his girlfriend's apartment at 731 Fern Drive, in Delaware, Ohio, during the early morning hours of February 9, 2001, when he was awaken by his girlfriend. His girlfriend had been awakened by Amy Coy at the apartment door, who advised her of appellant's presence in Herrell's car. Herrell's girlfriend informed him someone was stealing his car. Herrell looked out of the bedroom window and saw appellant, who Herrell knew from the neighborhood, standing in front of his car. Herrell observed appellant run from the scene. Upon examining his vehicle, Herrell found "the outside of the ignition was busted off and there was [sic] a few tools laying around on the floor." Tr. at 149. The vehicle was undamaged prior to that evening. Herrell stated the two screwdrivers left in the vehicle did not belong to him. Herrell also noticed a number of VHS videotapes and a Nintendo game cartridge were missing from his car.
Gerald Richardson, who also resides at the Fern Drive apartments, testified between 10:00 to 10:30 p.m. on February 8, 2001, he observed appellant walking around the apartment complex. At approximately 11:00 p.m. that same evening, appellant visited Richardson's apartment. Fred Howard, who often stayed with Richardson, provided appellant with tools as appellant had informed Howard his car had broken down. A screwdriver found in Herrell's vehicle was identified as the screwdriver loaned by Howard to appellant.
Fred Howard, likewise, testified he observed appellant walking around the apartment complex. Howard recalled later that evening, appellant visited him at Richardson's apartment, requesting some tools because his [appellant's] car had broken down. Appellant subsequently returned to Richardson's apartment and returned the tools to Howard. Appellant also gave Howard VHS videotapes and a Nintendo game cartridge, telling Howard, "Keep them." Tr. at 183. After Howard observed police officers in the area, he put the items in a trash bag and hit them in the woods. Howard explained he feared he would get in trouble if found with the merchandise. Howard subsequently led the police officers to the items.
At the close of the State's case, the trial court granted appellant's Crim.R. 29 motion for acquittal relative to count five of the indictment. After hearing all the evidence and deliberations, the jury found appellant not guilty of attempted theft as set forth in count one of the indictment and attempted burglary as set forth in count six of the indictment. The jury found appellant guilty of count two, attempted theft relative to the Herrell vehicle; count three, possession of criminal tools in association with the attempted theft of the Herrell vehicle; and count four, attempted theft relative to the Clark vehicle. The trial court sentenced appellant accordingly. It is from these convictions and sentences appellant appeals, raising the following assignments of error:
 I "THE COURT SUB JUDICE COMMITTED PREJUDICIAL ERROR AGAINST APPELLANT'S DUE PROCESS RIGHT AND RIGHT TO A FAIR TRIAL UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, OF THE OHIO STATE CONSTITUTION WHEN IT ADMITTED OTHER ACTS EVIDENCE COMMITTED BY APPELLANT UNDER THE IDENTITY EXCEPTION OF EVID. R. 404(B)."
 II "THE COURT SUB JUDICE COMMITTED PREJUDICIAL ERROR AGAINST APPELLANT'S DUE PROCESS RIGHT AND RIGHT TO A FAIR TRIAL UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, OF THE OHIO STATE CONSTITUTION WHEN IT ENTERED INTO THE RECORD THE JURY'S VERDICT FINDING APPELLANT GUILTY OF ATTEMPTED THEFT OF A MOTOR VEHICLE UNDER COUNTS TWO AND FOUR OF THE INDICTMENT AS SAID VERDICTS WERE BASED UPON INSUFFICIENT EVIDENCE."
 I
In appellant's first assignment of error, he submits the trial court erred in admitting other acts evidence under the identity exception in Evid.R. 404(B). We disagree.
The admission or exclusion of evidence lies within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 243. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v.Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 44.
R.C. 2945.59 states: "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
Evid.R. 404(B) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
R.C. 2945.59 and Evid.R. 404(B) are to be strictly construed against the State and the admissibility of "other acts" evidence. However, if the other acts "tend to show" by substantial proof any of those purposes enumerated in Evid.R. 404(B), such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, then the evidence of the other acts is admissible for such limited purpose. Although R.C. 2945.59 does not specifically enumerate "identity" as one of the purposes for using other acts evidence, the Ohio Supreme Court has specifically held R.C. 2945.59 includes identity evidence as part of the same plan, system, or method. State v. Broom
(1988), 40 Ohio St.3d 277, 281, 533 N.E.2d 682; State v. Curry (1975),43 Ohio St.2d 66, 73, 330 N.E.2d 720. The other act or acts offered as probative of the matter must themselves be temporally and circumstantially connected to the operative facts of the offense alleged.
Herein, appellant argues the trial court erred in admitting the other acts evidence under the identity exception because such evidence did not demonstrate a unique "behavioral fingerprint" identifiable to him. "A certain modus operandi is admissible not because it labels a defendant as a criminal, but because it provides a behavioral fingerprint which, when compared to the behavioral fingerprints associated with the crime in question, can be used to identify the defendant as the perpetrator."State v. Lowe (1994), 69 Ohio St.3d 527, 531, 634 N.E.2d 616. In order for modus operandi evidence to be admissible to establish identity, the other acts must be related to and share common features with the crime in question.
Over objection, the trial court admitted the VHS videotapes and the Nintendo game cartridge found in the Herrell vehicle. In admitting the evidence, the trial court specifically stated it would "instruct the jury regarding those videotapes that that evidence is not to be taken as an indication of [appellant's] propensity to steal things that didn't belong to him. We will instruct them that it's only to be considered for purposes of identification." Tr. at 230. We find the trial court property admitted the evidence taken from Herrell's vehicle to connect appellant to the attempted theft of that vehicle. See, e.g., State v.Henness (1997), 79 Ohio St.3d 53, 679 N.E.2d 686; State v. Hirsch
(1998), 129 Ohio App.3d 294, 717 N.E.2d 789. That evidence was direct evidence relevant to count two of the indictment and its admission was not dependent upon meeting the identity exception to R.C. 2945.59 or Evid.R. 404(B). It served as direct evidence connecting appellant to the attempted theft of the vehicle. It was not `other acts" evidence.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant challenges the sufficiency of the evidence claim relative to the attempted theft charges set forth in count two and four of the indictment.
In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
Appellant was convicted of two counts of attempted theft, in violation of R.C. 2913.02. Viewing the evidence noted supra, in a light most favorable to the State, we find there was sufficient evidence from which the jury could find appellant guilty of attempted theft. Both Herrell and Clark testified as to the undamaged condition of the ignitions of their vehicles prior to their personal observations of appellant inside said vehicles. This evidence coupled with Officer Hatcher's testimony regarding the alteration of an ignition as seen in the Herrell and Clark vehicles was a means to start a vehicle without a key is sufficient evidence from which the jury could find appellant guilty of attempted theft.
Appellant's second assignment of error is overruled.
The judgment of the Delaware County Court of Common Pleas is affirmed.
By: HOFFMAN, P.J. GWIN, J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.