{¶ 87} I must respectfully dissent. Elersic was denied a fair trial, and his convictions should be reversed. The state was permitted to introduce inadmissible evidence regarding other crimes that Elersic allegedly committed. In addition, due to the ineffective representation of Elersic's trial counsel, he was forced to stand trial without the benefit of alibi testimony from his brother.
 {¶ 88} The majority holds that evidence regarding crimes committed at the Red Hawk Bar and Grill, Great Lakes Auto Recycling, and the Hillwick residence was admissible to prove identity. The Supreme Court of Ohio has recognized that other courts have permitted the introduction of evidence of other acts to prove identity when identity is disputed.[6]
"`Identity is in issue when the fact of the crime is open and evident but the perpetrator is unknown and the accused denies that he committed the crime.'"[7]
 {¶ 89} The state offered evidence of other acts to prove the identity of the culprit of the St. Denis crimes. All of the evidence of other acts was presented by a criminal by the name of Fazzolare. The problem is that Fazzolare had already testified that Elersic was the individual who assisted him in committing the St. Denis break-in. The Supreme Court of Ohio has held "[t]here was no dispute that if [the victim] was telling the truth, her father was the perpetrator. Under these circumstances, identity is not a material issue in the case."[8]
While I recognize the underlying facts are different in this case than they were in Schaim, I believe that, in certain circumstances, this principle can be extended to co-defendants. This is especially true in the case at bar. If Fazzolare was telling the truth regarding the St. Denis break-in and subsequent police chase, Elersic committed the crimes. Under that circumstance, identity would no longer be an issue in the case. If he were not telling the truth about the St. Denis incident, how can it be presumed that he was telling the truth regarding other bad acts, in this case the commission of other break-ins.
 {¶ 90} The majority of the leading cases permitting evidence of other acts to establish identity concern instances where there are no eye-witnesses to the charged crime, but there is substantial proof that the individual committed similar bad acts.[9] In these situations, the admission of other acts evidence, if it meets the modus operandi test, is a helpful tactic to establish the identity of the perpetrator of the crime. However, in a situation such as this, where a co-defendant specifically testifies that the defendant committed the crimes in question, his subsequent testimony regarding other acts evidence is not being offered to prove identity but, rather, to show that the defendant is the type of individual who would commit the crimes in question. This is the precise evidence Evid.R. 404(B) is intended to exclude.
 {¶ 91} In addition, this evidence was not admissible to show a common scheme, plan, or system. I believe that the majority is mistaken in its interpretation of evidence offered to show a scheme, plan, or system. The majority holds that evidence of the "other acts," including the Concord Nursery break-in, was properly admissible because a common scheme, plan, or system was used. The following passage from the Supreme Court of Ohio is helpful:
 {¶ 92} "`Scheme, plan or system' evidence is relevant in two general factual situations. First, those situations in which the `other acts' form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment. In such cases, it would be virtually impossible to prove that the accused committed the crime charged without also introducing evidence of the other acts. To be admissible pursuant to this sub-category of `scheme, plan, or system' evidence, the `other acts' testimony must concern events which are inextricably related to the alleged criminal act. * * *.
 {¶ 93} "Identity of the perpetrator of a crime is the second factual situation in which `scheme, plan, or system' evidence is admissible. One recognized method of establishing that the accused committed the offense set forth in the indictment is to show that he has committed similar crimes within a period of time reasonably near to the offense on trial, and that a similar scheme, plan, or system was utilized to commit both the offense at issue and the other crimes."[10]
 {¶ 94} In the case sub judice, I agree with the majority's conclusion that the other acts were not inextricably related to the instant offense. Therefore, the only avenue for admission of the scheme, plan, or system evidence was for the purpose of establishing identity. As previously stated, this evidence was not being offered to prove identity.
 {¶ 95} The trial court erred when it admitted the evidence of other acts over objection.
 {¶ 96} I also disagree with the majority's holding regarding Elersic's third assignment of error. For the reasons that follow, I believe Elersic was denied adequate assistance of counsel, due to trial counsel's failure to file a notice of alibi.
 {¶ 97} The majority uses argument made by Elersic's appellate counsel in support of his second assignment of error against Elersic in its analysis of his third assignment of error. Simply stated, Elersic was denied the right to have his brother, Jeremy Elersic, testify on his behalf. Either the trial court erred by classifying the potential testimony as alibi testimony (Elersic's second assignment of error has merit), or Elersic's trial counsel provided ineffective assistance by failing to file a notice of alibi (Elersic's third assignment of error has merit). Elersic's appellate counsel had an ethical duty to zealously argue each position, as a successful argument on either issue would result in a reversal of Elersic's convictions.
 {¶ 98} It is the majority's analysis that is inconsistent. The majority holds, "Elersic was attempting to introduce alibi evidence; i.e. Elersic was attempting to show that he was at his brother's residence at the time of the crime." Yet in its analysis of the third assignment of error, the majority points to Elersic's appellate argument in support of the second assignment of error, that the times did not necessarily overlap. Thus, the majority holds that the brother's potential testimony was alibi testimony (dismissing the second assignment of error), but it was not complete alibi testimony (dismissing the third assignment of error).
 {¶ 99} Moreover, the testimony of Fazzolare indicates that Elersic picked him up around 11:30 or 12:00, and they proceeded to St. Denis. Accordingly, the evidence presented by the state suggests that Elersic was with Fazzolare from 11:30 or 12:00 until the vehicle crashed, sometime after 1:20 a.m., the time Sergeant Scott Hildebrand testified he received the dispatch call regarding the crimes at St. Denis. The potential evidence from Elersic's brother would show that Elersic was at his girlfriend's residence in Painesville between 12:30 and 1:00 a.m. This directly contradicts the state's evidence that Elersic committed the St. Denis break-in with Fazzolare. It is, therefore, alibi evidence.
 {¶ 100} I agree with the majority's analysis and disposition of the second assignment of error. The trial court properly concluded that Elersic's brother's potential testimony was alibi testimony. Accordingly, the question is "why wasn't a notice of alibi filed?"
 {¶ 101} The trial court also wanted an answer to this question. The court specifically asked Elersic's trial counsel if there was a reason a notice of alibi was not filed. Counsel failed to offer any explanation for the failure to file the notice of alibi.
 {¶ 102} Some courts have held that the failure to file a notice of alibi can be deemed trial strategy.[11] In State v. Fleming, the court reasoned that the attorney therein explained during discussion that he believed the evidence was admissible to impeach the state's witnesses. He also indicated that he was aware of Crim.R. 12.1.[12] The court held that the decision not to file a notice of alibi was a trial tactic. In the case at bar, defense counsel offered no explanation for his failure to file a notice of alibi, other than a vague argument that he was unsure of the exact time of the St. Denis crime. I cannot say that counsel's failure to file a notice of alibi was one of trial strategy.
 {¶ 103} Courts have also refused to make a finding of ineffective assistance of counsel where an alibi witness was discovered on the eve of trial. However, trial counsel included Jeremy Elersic's name on a list of proposed witnesses that was filed in July 2000, months before the November trial. A review of Jeremy Elersic's testimony, including the proffered portion, reveals that the sole purpose of the testimony, after a brief background dialogue, was to establish an alibi for his brother. These facts, taken together, show that trial counsel intended to call Jeremy Elersic as an alibi witness as early as July 2000. Accordingly, counsel had sufficient time to file a notice of alibi.
 {¶ 104} Trial counsel's failure to file a notice of alibi fell below an objective standard of reasonable representation.
 {¶ 105} The majority holds that Elersic was not prejudiced by his trial counsel's failure to file a notice of alibi. I disagree. Due to trial counsel's failure, the trial court prohibited Elersic's brother from giving alibi testimony. Elersic's brother testified that Elersic arrived at his girlfriend's residence in Painesville on rollerblades. The testimony indicates Elersic left the residence at 1:00 a.m., with the intention of rollerblading in the Painesville area. Further, Elersic's brother testified that Elersic asked him to leave the door unlocked so he could sleep on the couch and, in fact, Elersic was sleeping on the couch in the morning.
 {¶ 106} The state presented substantial evidence against Elersic. He had the right to present alibi evidence to contradict the state's evidence. The fact that an individual is seen on rollerblades at 1:00 a.m. in Painesville, Ohio, and is also in Painesville the following morning, weighs heavily against that same individual breaking into a business in Chardon, Ohio, prior to 1:20 a.m. and fleeing on foot after crashing a vehicle in Kirtland, Ohio. Accordingly, Elersic was prejudiced by his trial counsel's failure to file a notice of alibi. Specifically, if the jury believed the alibi testimony, the results of the trial would have been different.
 {¶ 107} The state presented inadmissible evidence against Elersic. In addition, Elersic was prohibited from presenting the alibi evidence from his brother. These errors, taken together, denied Elersic a fair trial. Therefore, I would reverse Elersic's convictions and remand this matter for a new trial.
[6] (Citations omitted.) State v. Jamison (1990), 49 Ohio St.3d 182,186.
[7] State v. Elersic (Nov. 21, 2001), 11th Dist. Nos. 2000-L-062 and 2000-L-164, 2001 Ohio App. LEXIS 5210, at *27-28, quoting State v. Smith
(1992), 84 Ohio App.3d 647, 666.
[8] State v. Schaim (1992), 65 Ohio St.3d 51, 61.
[9] See, e.g., State v. Lowe (1994), 69 Ohio St.3d 527; State v.Hector (1969), 19 Ohio St.2d 167; and State v. Jamison, supra.
[10] (Citations omitted.) State v. Curry (1975), 43 Ohio St.2d 66,73.
[11] See State v. Smith (1985), 17 Ohio St.3d 98.
[12] State v. Fleming (Aug. 4, 1999), 9th Dist. No. 98CA007003, 1999 Ohio App. LEXIS 3518, at *11.