OPINION
{¶ 1} Defendant-appellant Glenn Adkins appeals his conviction in the Morrow County Court of Common Pleas on four counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), four counts of rape with force specifications, in violation of R.C. 2907.02(A)(1)(b)(2), and one count of attempted rape, in violation of R.C. 2923.02 and 2907.02(B).
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On August 12, 1999, the Morrow County Grand Jury issued a nine count indictment against defendant-appellant Glenn Adkins [hereinafter appellant], charging appellant with four counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), four counts of rape with force specifications, in violation of R.C. 2907.02(A)(1), and one count of attempted rape, in violation of R.C. 2907.02 and 2923.02. The counts of rape and gross sexual imposition arose from the sexual abuse of appellant's minor stepdaughter, which took place between August 1, 1996, through May 4, 1999. The attempted rape count arose from the sexual abuse of a minor, female friend of the family. The victims were 10 and 15 years of age, respectively.
{¶ 3} On October 28, 1999, the State filed a Bill of Particulars and a Notice of Intention to Use Evidence of Other Acts. In the Notice, the State indicated it intended to use evidence of other sexual acts committed by appellant and appellant's prior convictions as evidence against him. On January 20, 2000, the trial court conducted a hearing on the admissibility of the other acts evidence. At the hearing, the State indicated that it sought to call three witnesses to testify about other sexual acts purportedly committed by appellant. The State claimed that this evidence was admissible to prove his scheme, plan or system, and/or identity in the charged offenses. The three witnesses were appellant's son, daughter, and another stepdaughter. Each claimed appellant had sexually molested them when they were children. Appellant's trial counsel opposed the introduction of the evidence.
{¶ 4} On January 26, 2000, the State filed a brief in support of its position. That same day, January 26, 2000, the defense filed a Motion in Limine, arguing that appellant's prior convictions should not be admitted against him because the convictions had no relation to the pending case and any probative value would be substantially outweighed by the danger of unfair prejudice[1]. Subsequently, on January 27, 2000, the trial court issued a Judgment Entry finding the other acts evidence admissible to prove identity and further stating that voir dire of the proposed witnesses may be appropriate at the point in the trial when the State called the prospective witnesses to testify.
{¶ 5} The case proceeded to a jury trial on January 31, 2000. At the trial, the State presented the testimony of the two minor victims along with the testimony of Dr. Ranee Leder. Dr. Leder had conducted an examination of appellant's stepdaughter at the hospital. The State then indicated its intention to introduce the testimony of the three, other acts witnesses. After a brief voir dire and over appellant's objections, the three witnesses who claimed appellant had sexually molested them when they were children were allowed to testify.
{¶ 6} Appellant presented the testimony of his wife and testified on his own behalf. Over the objection of appellant's counsel, the State impeached appellant with evidence of prior convictions on two counts of gross sexual imposition and one count of sexual battery.
{¶ 7} The jury returned verdicts finding appellant guilty of all nine counts as charged in the indictment, including the specifications. The trial court sentenced appellant to two life sentences and to an aggregate term of eighteen years in prison. Further, appellant was found to be a sexual predator.
{¶ 8} Appellant filed a timely Notice of Appeal from the convictions. By Judgment Entry filed April 9, 2001, this Court affirmed appellant's convictions and sentence. On July 2, 2001, appellant, through new counsel, sought to reopen his direct appeal pursuant to App.R. 26(B). By Judgment Entry filed September 21, 2001, this Court granted appellant's application for reopening and the matter is now before the Court.
{¶ 9} Therefore, appellant appeals his convictions and sentence upon reopening, presenting the following assignments of error:
 {¶ 10} I. "MR. ADKINS WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION."
 {¶ 11} II. "THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT PERMITTED THE STATE TO INTRODUCE EXPERT EVIDENCE THAT WAS NOT RELEVANT OR HELPFUL TO THE DETERMINATION OF THE CASE. EVID. R. 702, 401; CRIM. R. 52(B). THIS ERROR DEPRIVED MR. ADKINS OF HIS RIGHT TO A FAIR TRIAL, AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION."
 {¶ 12} III."THE TRIAL COURT ERRED WHEN IT PERMITTED THE STATE TO INTRODUCE UNFAIRLY PREJUDICIAL OTHER ACTS OF EVIDENCE IN CONTRAVENTION OF EVID. R. 403(A). THIS ERROR DEPRIVED MR. ADKINS OF HIS RIGHT TO A FAIR TRIAL, AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION."
 {¶ 13} IV. "MR. ADKINS WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN CONTRAVENTION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE 1 OF THE OHIO CONSTITUTION."
 II
{¶ 14} We will address appellant's second assignment of error first. In the second assignment of error, appellant argues that the trial court committed plain error when it permitted the State to introduce expert evidence that was not relevant or helpful to the determination of the case. Specifically, appellant argues that the testimony of Dr. Ranee Leder, in which the Doctor concluded that she could not conclude that appellant's stepdaughter had been sexually abused, did not assist the trier of fact. Appellant contends that Dr. Leder's testimony did not aid the jury.
{¶ 15} The admissibility of evidence is left to the sound discretion of the trial court. Columbus v. Taylor (1988),39 Ohio St.3d 162, 164. A trial court has broad discretion to admit or exclude evidence. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, absent an abuse of discretion, an appellate court will not disturb a decision of a trial court. Id. at 182. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 16} Opinion testimony must be considered in light of Evid.R. 701 and 702. The opinion must be based upon the perceptions of the witness and helpful to the trier of fact. Evid.R. 701. In the case of an expert opinion, it must relate to matters outside the knowledge, experience, training or education of the trier of fact, and be based upon reliable, scientific, technical or other specialized information. Evid.R. 702. Stated otherwise, "For expert testimony to be admitted at trial, it must: 1) relate to matters beyond the knowledge or experience possessed by lay persons or dispel common misconceptions held by lay persons; 2) be based on reliable scientific, technical, or other specialized knowledge; 3) assist the trier of fact to understand the evidence or to determine a fact in issue; 4) be relevant and material to an issue in the case; and 5) have a probative value which outweighs any prejudicial impact. Evid.R. 702; State v. Daws (1994), 104 Ohio App.3d 448,462, 662 N.E.2d 805." State v. Thompson, (Sept. 23, 1997), Franklin App. No. 96APA12-1660, unreported, 1997 WL 599178.
{¶ 17} Appellant claims Dr. Leder's testimony was not relevant or helpful. We disagree. We find that the trial court did not abuse its discretion in admitting Dr. Leder's testimony. Dr. Leder conducted a physical exam of appellant's stepdaughter subsequent to the stepdaughter's allegations of sexual abuse by appellant. While Dr. Leder did testify that she found no abnormalities in her examination, Dr. Leder also testified that such a finding does not necessarily mean that the abuse did not occur. Dr. Leder explained that it is possible for the child to have been sexually abused and felt pain as described by the child and yet for there to be no physical signs of the abuse by the time the physical exam is conducted. Such testimony is helpful to a jury in determining whether the evidence supports a finding of guilty and is relevant to the issue of whether the offenses occurred. It was not abuse its discretion to admit the evidence.
{¶ 18} Appellant's second assignment of error is overruled.
 I
{¶ 19} In the first assignment of error, appellant claims that he was denied his right to effective assistance of trial counsel when trial counsel: 1) presented an "ill-conceived" theory of the case; 2) failed to object to an inadmissible expert opinion offered by the State; 3) failed to make a motion for acquittal under Crim.R. 29; 4) failed to object to numerous, erroneous jury instructions; and 5) failed to request that the trial judge recuse himself.
{¶ 20} The standard of review for a claim of ineffective counsel was established in Strickland v. Washington (1984), 466 U.S. 668, and adopted by Ohio in State v. Bradley (1989), 42 Ohio St.3d 136. These cases set forth a two-pronged analysis. The first prong of the analysis requires a showing that counsel's assistance was ineffective in that it fell below an objective standard of reasonable representation and violated essential duties to the client. The second prong requires a showing of actual prejudice by counsel's ineffectiveness such that but for the counsel's unprofessional error the outcome of the trial would have been different. A court may dispose of a case by considering the second prong first, if that would facilitate disposal of the case. Bradley, 42 Ohio St.3d at 143 (citing Strickland, 466 U.S. at 697.) We note that a properly licensed attorney is presumed competent. See Vaughnv. Maxwell (1965), 2 Ohio St.2d 299; State v. Calhoun (1999),86 Ohio St.3d 279. Reviewing courts must refrain from second-guessing strategical decisions and presume that counsel's performance falls within the wide range of reasonable legal assistance. State v. Carter (1995),72 Ohio St.3d 545, 558.
{¶ 21} Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning the trial strategy cannot form the basis of a finding of ineffective assistance of counsel. See Strickland v.Washington (1984), 466 U.S. 668. We note that there are numerous avenues in which counsel can provide effective assistance of counsel in any given case. State v. Gales (Nov. 22, 2000), Lorain App. No. 00CA007541, unreported, 2000 WL 1729454; State v. Clayton (1980), 62 Ohio St.2d 45,49.
{¶ 22} 1. Appellant argues that trial counsel's trial strategy was "ill-conceived." Appellant presents several examples of alleged strategy errors. Appellant argues that the trial counsel conceded in his opening argument that the alleged victims had been molested despite the State's lack of physical evidence. Appellant contends that trial counsel argued that appellant was not the perpetrator but offered no plausible explanation for the theory that appellant's stepdaughter was lying. In fact, appellant argues that trial counsel bolstered the stepdaughter's credibility when he elicited testimony regarding the stepdaughter's love of appellant. Lastly, appellant argues that the trial strategy was flawed because it opened the door to the State's extensive use of alleged other bad acts evidence. Appellant argues that trial counsel thereby made the other acts evidence relevant. Further, appellant cites trial counsel's decision to have appellant testify despite his two prior convictions for gross sexual imposition and one prior conviction for sexual battery. Appellant claims the impact of the strategic error was increased when trial counsel failed to allow appellant to testify about these prior convictions before the State used these prior convictions to impeach appellant.
{¶ 23} The State responds that appellant's trial counsel did not "open the door" to the other acts evidence. The State points out that the trial court had previously ruled, in a motion in limine, that the other acts evidence was admissible to prove a plan or scheme, referred to as a behavioral fingerprint, pursuant to Evid.R. 404(B) and R.C. 2945.59.[2]
As to the other alleged errors in strategy, the State contends appellant has failed to show that trial counsel was deficient or prejudicial.
{¶ 24} First, while trial counsel's opening statements could arguably be perceived to have opened the door to other acts evidence by conceding that the victims had been molested, the trial court did not give any indication that it considered appellant's opening statement to have opened the door to other acts evidence. Appellant's opening statement was not treated as an "opening of the door." Appellant cross examined both victims in an attempt to challenge whether these offenses actually occurred. The trial court made no attempt to limit trial counsel's cross examination or to force appellant to stand by any alleged admission or concession that the crimes had occurred. The trial court did not limit trial counsel in presenting evidence or arguing that there was no evidence that these acts or offenses actually occurred. In fact, appellant presented evidence that attempted to show that the stories told by the child victims were not possible or believable and that the stories were fabricated.
{¶ 25} Likewise, when the other acts evidence was admitted, the trial court did not find that appellant opened the door. The trial court proceeded to admit the evidence on the same grounds as the trial court found in its pre-trial ruling on the motion in limine. The trial court's basis for admitting the evidence was a reasoning that the trial court adopted prior to opening statement.
{¶ 26} Under these circumstances we find that trial counsel's conduct did not prejudice appellant. The record fails to reflect that trial counsel's comments in opening statement had any effect on whether the trial court would admit the other acts evidence.
{¶ 27} Further, we agree that the other alleged errors were trial strategy. While the trial strategy was ultimately not successful and the tactics were debatable, we find they do not form a basis for ineffective assistance of counsel.
{¶ 28} 2. Appellant argues that trial counsel was ineffective when he failed to object to the inadmissible expert opinion offered by Dr. Ranee Leder. This court has previously held that Dr. Leder's testimony was admissible. As such, the failure to object to the admission of the evidence does not constitute ineffective assistance of counsel.
{¶ 29} 3. Appellant further asserts his trial counsel was ineffective in failing to move for an acquittal pursuant to Crim.R. 29.[3] The failure of trial counsel to move for a judgment of acquittal under Crim.R. 29 does not constitute ineffective assistance of counsel when the State's case-in-chief links the defendant to the crimes of which he is accused. State v. Mills (1991), 73 Ohio App.3d 27,35.
{¶ 30} In this case, even excluding the challenged testimony of the three alleged previous victims, the stepdaughter (to whom appellant's arguments are directed) testified to the sexual abuse committed by appellant against her[4]. Appellant argues that trial counsel's failure precluded appellant from raising a sufficiency of the evidence argument on appeal.
{¶ 31} The stepdaughter testified that these sexual incidents occurred multiple, somewhat countless, times over a period of years, in different rooms of the house. We conclude that the stepdaughter's testimony clearly connected appellant to at least nine instances of sexual abuse against her. We find trial counsel's failure to make a motion for acquittal did not constitute ineffective assistance of counsel.
{¶ 32} 4. Next, appellant contends that trial counsel was ineffective for failing to object to "erroneous" jury instructions. Appellant argues that the jury instruction on the burden of proof, reasonable doubt, included "firmly convinced" language[5]. Appellant contends the Ohio Supreme Court has stated that the "firmly convinced" language should not be included when explaining the term "reasonable doubt," citing State v. Gundey (1992), 64 Ohio St.3d 230, 235-236 and 4OJI 403.50. However, the jury instruction given the jury on "reasonable doubt" was substantially identical to the statutory definition of reasonable doubt provided in R.C. 2901.05(D), including the phrase "firmly convinced."[6] Revised Code 2901.05 states that a trial court is to provide a jury with the statutory definition of reasonable doubt. R.C. 2901.05(D), supra. Thus, use of the statutory definition of reasonable doubt in jury instructions is proper. State v. Awkal (1996),76 Ohio St.3d 324.
{¶ 33} Second, appellant argues that the trial court erroneously instructed the jury on the weight to give the exhibits. Appellant challenges the following jury instruction:
{¶ 34} "A number of exhibits and the testimony related to them have been introduced. You may consider whether the exhibits are the same objects and in the same condition as originally taken. You will determine what weight, if any, the exhibits should receive in light of all of the evidence."
{¶ 35} Transcript of Proceedings, Vol. II, pg. 559.
Appellant argues that, according to the Ohio Jury Instructions, this instruction should not be given unless an issue is made as to the identity or condition of the exhibits. See 4 OJI 405.60. Appellant also claims the trial court misquoted the Ohio Jury Instructions when it told the jury that "[t]he defendant may be found guilty of any one or all of the offenses charged." Appellant contends that the correct jury instruction was "[t]he defendant may be found guilty or not guilty of any one or all of the offenses charged." 4 O.J.I. 413.11(3) (emphasis added).
{¶ 36} Although Ohio Jury Instructions are widely used in this state, the language provided therein should not be blindly applied. Statev. Burchfield (1993), 66 Ohio St.3d 261, 263. Ohio Jury Instructions are simply a set of model instructions which have no force or effect as a rule of law. State v. Hike (May 21, 1998), Franklin App. No. 97APA04-554, unreported, 1998 WL 255446; State v. Mitchell (May 2, 1989), Franklin App. No. 88AP-695, unreported, 1989 WL 47083. We find that when the jury instructions as a whole are reviewed and considered, appellant was not prejudiced by the alleged errors.
{¶ 37} 5. Finally, appellant argues that trial counsel failed to request that the trial judge recuse himself. Appellant argues that although trial counsel claimed he did not know until after the trial that the trial judge had previously prosecuted appellant[7], trial counsel should have discovered this information prior to trial and raised this issue before trial.
{¶ 38} We find that our review is limited to the record in the trial court. The record in the trial court does not demonstrate whether the trial judge previously prosecuted appellant. It is impossible for a reviewing court to determine on direct appeal whether ineffective assistance of counsel occurred when the allegations of ineffectiveness are based upon evidence or information outside of the record. State v.Cooperrider (1983), 4 Ohio St.3d 226, 228.
{¶ 39} In conclusion, we find that appellant has failed to demonstrate that appellant was denied his right to effective assistance of trial counsel. Appellant's first assignment of error is overruled.
 III
{¶ 40} In the third assignment of error, appellant argues that the other acts testimony, presented by the three witnesses concerning sexual abuse against them by appellant when the witnesses were children, was in violation of Evid.R. 403(A). Evidence Rule 403(A) states the following: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Appellant claims that this evidence became admissible under Evid.R. 404(B) when appellant's trial counsel raised the issue of identity in his opening statement[8]. Therefore, appellant presents no argument that the evidence was not admissible under Evid.R. 404(B). Appellant only argues that the testimony of the witnesses was unfairly prejudicial, confusing and misleading to the jury and, therefore, not admissible under Evid.R. 403(A). Appellant contends that the other act evidence was likely used by the jury as evidence of guilt and improper character evidence. Thus, appellant concludes that the trial court abused its discretion when it admitted this evidence.
{¶ 41} In this case, the trial court ruled, in a motion in limine, that the evidence was admissible as "probative on the issue of identity of the Defendant in such a way that the respective testimony will tend to show a unique, identifiable plan of criminal activity by the Defendant or a behavioral fingerprint of the Defendant." January 27, 2000, Judgment Entry (relying upon State v. Lowe (1994),69 Ohio St.3d 527). Appellee claims that the evidence was admissible pursuant to Evid.R. 404(A)(1), R.C. 2907.02(D), 2907.05(D) and R.C.2945.59[9] to show a common scheme, plan, or system of sexually abusing or raping children. Further, appellee claims that the probative value of this evidence was substantial. Appellee argues that the evidence established a "behavioral fingerprint" to identify appellant and that the testimony of the previous victims was short and limited and avoided collateral matters that would have tended to show that appellant acted in conformity with his character.
{¶ 42} "Pursuant to Evid.R. 403(A), the court is required to weigh the probative value of the evidence against the danger of unfair prejudice, confusion of the issue, or misleading the jury. When considering evidence under Evid.R. 403, the trial court is vested with broad discretion and an appellate court should not interfere absent a clear abuse of that discretion." State v. Allen (1995), 73 Ohio St.3d 626,633 (citing State v. Morales (1987), 32 Ohio St.3d 252, 257-258). "The term `abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. (Citations omitted). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1, 57 Ohio St.3d 135,137-138.
{¶ 43} Both parties agree, for different reasons, that the evidence was admissible to prove identity.[10] Therefore, in this assignment of error, this court will not address the admissibility of the evidence under Evid.R. 404(B). We will only address whether the evidence, once deemed admissible under Evid.R. 404(B), was unfairly prejudicial, confusing or misleading to the jury.
{¶ 44} A key concern in considering other acts evidence is that "an accused cannot be convicted of one crime by proving he committed other crimes or is a bad person." State v. Jamison (1990),49 Ohio St.3d 182, 184. Admissibility of other acts evidence is to be construed against the state and admissibility. State v. Burson (1974),38 Ohio St.2d 157.
{¶ 45} The trial court found, as appellee argues, that the other acts evidence was admissible to prove identity or a common plan, system or scheme. The trial court found that the other acts evidence established a "behavioral fingerprint," sometimes referred to as a modus operandi. See State v. Lowe (1993), 69 Ohio St.3d 527. In such circumstances, "[o]ther-acts evidence is admissible to prove identity through characteristics of the acts rather than through the person's character. To be admissible to prove identity through a certain modus operandi, other-acts evidence must be related to and share common features with the crime in question. Lowe, supra, at 531. It is not necessary that the other acts be the same or similar to the crime charged, only that the acts "tend to show by substantial proof [the perpetrator's] `identity'. . . ." State v. Jamison, (1990), 49 Ohio St.3d 182,552 N.E.2d 180, syllabus. The differences in the crimes used to establish modus operandi "go to weight, not admissibility." State v.Waddy (1992), 63 Ohio St.3d 424, 429.
{¶ 46} Trial court gave limiting instructions to caution the jury and clarify the use of the evidence. Following the testimony of the three witnesses, the trial court instructed the jury as follows:
{¶ 47} THE COURT: Before we go any further, I have a limiting instruction I would like to give to the jury. Ladies and gentlemen of the jury, the testimony of what you have just heard from these last three witnesses may be used by you only to assist you in determining whether or not there is a modis [sic] operandi, which is a method of operation or what could also be called a behavioral fingerprint identifiable with the Defendant and for no other purpose. In other words, simply because the Defendant may have committed other acts, similar acts as though [sic] he is charged with here does not mean he committed the alleged crimes that you are to decide in this particular case.
{¶ 48} However, you may consider the testimony on this issue of alleged identity of the alleged perpetrator and for that purpose only.
{¶ 49} Transcript of proceedings, page 440-441.
{¶ 50} Subsequently, after closing arguments, the trial court provided the following jury instruction:
{¶ 51} . . . Evidence was received about the commissions of acts other than the offenses with which the Defendant is charged in this trial. That evidence was received only for a limited purpose. It was not received, and you should not consider it, to prove the character of the Defendant in order to show that he acted in conformity with that character. If you find that the evidence of other acts is true and that the Defendant committed them, you may consider that evidence only for the purpose of deciding whether it proves the identify of the person who committed the offenses in this trial. That evidence cannot be considered for any other purpose.
{¶ 52} Id. at 560-561.
{¶ 53} We note that juries are presumed to follow such instructions. See e.g. State v. Loza, (1994), 71 Ohio St.3d 61, 75 Statev. Johnson (1994), 71 Ohio St.3d 332, 340.
{¶ 54} Since appellant has conceded that identity was at issue rendering the testimony of the three previous victims admissible and relevant, we must proceed from that concession. If we presume that identity was at issue, this court simply cannot conclude that it was unreasonable, arbitrary or unconscionable to determine that the probative value of the prior three victim's testimony outweighed its prejudicial effect. The three victims' testimony showed similar characteristics by relating their ages at the time they were sexually abused by appellant, the means by which they were molested and appellant's attempts to keep them from revealing his actions. Such information is probative of a common scheme, plan or a modus operandi. This showed that there was a similarity of methodology which tended to show that the same person committed the molestations. In accord, State v. Love (June 4, 1997), Hamilton App. No. C-960498, unreported, 1997 WL 292349 (citing State v.Burson (1974), 38 Ohio St.2d 157). The acts were committed in a similar setting, under comparable circumstances, with a common modus operandi. In light of the trial court's two jury instructions limiting the use of the information and the presumption that juries follow instructions given to them, we find no abuse of discretion in allowing the evidence to be admitted to the jury under Evid.R. 403(A).
{¶ 55} The third assignment of error is overruled.
 IV
{¶ 56} In the fourth assignment of error, appellant argues that he was deprived of the effective assistance of appellate counsel when his prior appellate counsel failed to provide this court with a copy of the transcript for review in the initial, direct appeal and failed to raise several meritorious issues on that appeal. Appellant claims that these errors were prejudicial. Further, appellant claims that he has demonstrated in the First, Second and Third Assignments of Error that previous appellate counsel failed to raise meritorious issues that, had they been raised, would have resulted in the reversal of appellant's convictions. Therefore, appellant contends that he is entitled to a new appeal.
{¶ 57} This matter is before this court upon our granting of appellant's application to reopen his appeal, pursuant to App.R. 26(B). Appellate Rule 26(B) states the following, in relevant part:
{¶ 58} (7) If the application is granted, the case shall proceed as on an initial appeal in accordance with these rules except that the court may limit its review to those assignments of error and arguments not previously considered. . . . The parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency. . . .
{¶ 59} (9) If the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment. If the court does not so find, the court shall issue an order confirming its prior judgment.
{¶ 60} Our grant of appellant's application to reopen his appeal already granted appellant the opportunity to present any assignment of error and argument not previously considered by this court. The appropriate remedy at this stage of proceedings, should this court find prejudicial error, is not a new appeal, but a vacation of our prior judgment and the entering of the appropriate judgment. However, upon review of appellant's assignments of error and arguments presented herein, this court finds no prejudice to appellant to warrant vacation of our prior judgment.
{¶ 61} Appellant's fourth assignment of error is overruled.
{¶ 62} The judgment of the Morrow County Court of Common Pleas is hereby affirmed.
By EDWARDS, J.; HOFFMAN, P.J. and BOGGINS, J.
 JUDGMENT ENTRY
{¶ 63} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Morrow County Court of Common Pleas is affirmed. Costs to appellant.
[1] The State asserts that appellant was convicted of the offenses described by these three witnesses. At one point, appellant refers to these offenses as "uncharged." The record reflects that appellant had three prior sex offense convictions. The three witnesses testified on voir dire that the offenses were the subject of charges. However, there is nothing in the record to clearly indicate, definitively, that the prior convictions correspond to these three victims.
[2] The admissibility of the other bad acts evidence, pursuant to Evid.R. 404(B) and R.C. 2945.59 will be addressed further in assignment of error III.
[3] "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case." Crim.R. 29(A).
[4] Appellant presents no argument regarding the charge of attempted rape against the family friend. Appellant's arguments are in regard to his stepdaughter.
[5]
 {¶ a} The trial court gave the following jury instruction:
 {¶ b} "Reasonable doubt is present when, after you have considered and compared all of the evidence you cannot say you are firmly convinced of the truth of the charge. Reasonable doubt is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. Proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his or her own affairs.
 {¶ c} If after a full impartial consideration of all of the evidence, you are firmly convinced of the truth of the charge, the State has proved its case beyond a reasonable doubt. If you are not firmly convinced of the truth of the charge, you must find the Defendant not guilty."
Transcript of Proceedings, Vol. II, pages 556-557.
[6]
{¶ a} Revised Code 2901.05 provides as follows:
 {¶ b} (B) As part of its charge to the jury in a criminal case, the court shall read the definitions of "reasonable doubt" and "proof beyond a reasonable doubt," contained in division (D) of this section.
. . .
 {¶ c} (D) "Reasonable Doubt" is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. "Proof beyond a reasonable doubt" is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs.
[7] Appellant claims that in the "Brief of Appellant" filed upon the initial, direct appeal, his trial counsel conceded that he was unaware of the trial judge's prior prosecution of appellant until after the trial.
[8] "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B).
[9]
 {¶ a} "Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions: (1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable." Evid.R. 404(A)(1).
 {¶ b} "Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value." R.C. 2907.02(D) (regarding rape) (in pertinent part).
 {¶ c} "Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value." R.C. 2907.02(D) (regarding sexual imposition) (in pertinent part).
 {¶ d} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." R.C. 2945.59.
[10] Appellant agrees because he believes the door was opened on opening statement. We have disagreed with this reasoning earlier in this decision.