OPINION
{¶ 1} Defendant-appellant Terry L. Ramsey appeals his conviction and sentence for one count of rape of a person under the age of thirteen and one count of sexual imposition. On May 10, 2006, Ramsey was indicted on four counts of sexual assault in violation of R.C. §§ 2907.02(A)(1)(b),2907.02.(A)(2), and 2907.05(A)(4). Counts one and two pertained to victim *Page 2 
2 C.P., age nine, a playmate of Ramsey's two minor daughters. Counts three and four pertained to victim S.P., age thirteen, who is the half-sister of Ramsey's two minor daughters.
 {¶ 2} Ramsey was arraigned on May 16, 2006, stood mute, and the trial court entered not guilty pleas on his behalf. On July 21, 2006, a jury trial commenced, and Ramsey was subsequently found guilty of counts one and two in the indictment with respect to C.P., namely rape of an individual under the age of thirteen and gross sexual imposition of an individual under the age of thirteen. The jury found Ramsey not guilty of counts three and four in the indictment with respect to S.P., namely rape of an individual under the age of thirteen and rape by force or threat of force. The trial court sentenced Ramsey to eight (8) years imprisonment for count one and four (4) years imprisonment for count two, both terms to be served concurrently for an aggregate prison sentence of eight (8) years. Additionally, the trial court designated Ramsey as an aggravated sexually oriented offender. Ramsey filed a timely notice of appeal with this Court on September 29, 2006.
 I {¶ 3} The circumstances surrounding counts one and two in the indictment involve Ramsey's alleged rape of C.P., who was nine years old at the time of the trial in this matter. Evidence was adduced through the testimony of Ratasha P., C.P.'s mother, as well as that of C.P. herself, that in April of 2006, C.P. spent the night at Ramsey's house with his two minor daughters. At some point that night, Ramsey fondled C.P.'s breasts and penetrated her digitally. C.P. testified that she informed Ramsey's girlfriend, Portia McCullough, that Ramsey had "touched" her. McCullough lived with Ramsey and his two daughters at the time that the offenses occurred. C.P. also informed her mother, Ratasha, that she had been sexually *Page 3 
assaulted, but she was not taken to the hospital until approximately three weeks after the crimes occurred. Although the doctor who examined C.P. testified that she found no signs of abuse, she also stated that it is normal for healing to occur leaving no indicators of abuse when a substantial amount of time has elapsed since the conduct occurred.
 {¶ 4} With respect to counts three and four of the indictment which involve S.P., testimony was adduced which attempted to establish that on two different occasions in 2002 and 2005, Ramsey vaginally raped S.P. S.P. did not report either incident to anyone until 2005, when she disclosed both assaults to her cousin. The first time S.P. was allegedly raped occurred a few days after her mother passed away on April 4, 2002. The second time she was allegedly raped occurred in September of 2005, when she was visiting Ramsey's daughters and helping the family move to another residence. On both occasions, S.P. testified that Ramsey was able to get her alone in a room in the house, take all of her clothes off, and place his penis in her vagina.
 {¶ 5} S.P. eventually told her relatives that she had been assaulted by Ramsey, and her aunt immediately alerted children's services. S.P. was subsequently examined by a doctor, and it was discovered that she had an infection, trichomonas, which is sexually transmitted.
 {¶ 6} As previously stated, Ramsey was acquitted of counts three and four with respect to S.P. The jury, however, found Ramsey guilty of counts one and two pertaining to C.P. The trial court sentenced Ramsey to an aggregate sentence of eight years and designated him as an aggravated sexually oriented offender.
 {¶ 7} It is from this judgment which Ramsey now appeals.
 II {¶ 8} Ramsey's sole assignment of error is as follows: *Page 4 
 {¶ 9} "APPELLANT WAS DENIED EFFECTIVE AS SISTANCE OF COUNSEL BY THE ACTS AND OMISSIONS OF HIS ATTORNEY IN VIOLATION OF THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I
SECTION 10 OF THE OHIO CONSTITUTION." {¶ 10} In his sole assignment, Ramsey contends that he received ineffective assistance of counsel at the trial level. In support of this assertion, Ramsey cites the following arguments: 1) failure to file a motion to sever pursuant to Crim. R. 14 insofar as Ramsey was prejudiced by the joinder of offenses allegedly committed on two different minor females under the age of thirteen; and 2) failure to request a limiting jury instruction on other acts evidence pursuant to Evid. R. 404(B).
 {¶ 11} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether defendant'sSixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, citingState v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135.
 {¶ 12} The above standard contains essentially the same requirements as the standard set forth by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective *Page 5 
standard of reasonableness." Strickland, supra, at 687-688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Thus, counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Id .
 {¶ 13} For a defendant to demonstrate that he has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, absent counsel's errors, the result of the trial would have been different. Bradley, supra, at 143. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, at 694.
 {¶ 14} Initially, Ramsey argues that defense counsel provided ineffective assistance of counsel for failing to file a motion to sever counts one and two pertaining to C.P. from counts three and four pertaining to S.P. Ramsey argues that his rights were prejudiced because the jury was permitted to simultaneously consider evidence of all four offenses in determining his guilt or innocence. Ramsey asserts that had defense counsel moved for severance, he could have argued that the consolidated trial would result in the admission of other acts evidence that would not be admissible if counts one and two had been tried separately from counts three and four. Ramsey further argues that the jury could have used the accumulated evidence from the entire trial to wrongly convict him on charges that, by themselves, were only supported by weak evidence.
 {¶ 15} "The law favors joining multiple offenses in a single trial under Crim.R. 8(A) if *Page 6 
the offenses charged `are of the same or similar character.'" State v.Lott (1990), 51 Ohio St.3d 160, 163, 555 N.E.2d 293, quoting State v.Torres (1981), 66 Ohio St.2d 340, 343, 421 N.E.2d 1288. A defendant requesting severance "has the burden of furnishing the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial." Torres,66 Ohio St.2d at 343. Crim. R. 14 permits a defendant to sever the charges if consolidation will result in prejudice. The rule states in pertinent part:
 {¶ 16} "If it appears that a defendant or the state is prejudiced by a joinder of offenses * * *, in an indictment, * * * or by such joinder for trial together of indictments, * * *, the court shall order an election or separate trial of counts, * * *, or provide such other relief as justice requires."
 {¶ 17} In order to prevail on a motion to sever, a defendant has the burden to demonstrate the following three facts: 1) that his rights were prejudiced; 2) that he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial; and 3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial. Torres, 66 Ohio St.2d 340, syllabus.
 {¶ 18} In establishing whether appellant was prejudiced by joinder of multiple offenses, we must first determine whether evidence of the other crimes would be admissible even if the counts were severed, and if not, whether the evidence of each crime is simple and distinct. State v.Hamblin (1988), 37 Ohio St.3d 153, 158-159, 524 N.E.2d 476, reversed on other grounds, (C.A.6 Ohio), 354 F.3d 482. "If the evidence of other crimes would be admissible at separate trials, any `prejudice that might result from the jury's hearing the evidence of the other crime in *Page 7 
a joint trial wold be no different from that possible in a separate trial,' and a court need not inquire further." Drew v.United States (C.A.D.C. 1964), 331 F.2d 85, 90.
 {¶ 19} Thus, our first inquiry is the extent to which evidence of each of these crimes would be admissible in the other trials if the counts were severed. The admission of other acts evidence is governed by Evid. R. 404(B). That rule provides that evidence of other acts "* * * may * * * be admissible for * * * purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid. R. 404(B).
 {¶ 20} Other acts evidence is admissible only if "`there is substantial proof that the alleged other acts were committed by the defendant' and such evidence tends to show one of the matters enumerated in Evid. R. 404(B)." State v. Lowe (1994), 69 Ohio St.3d 527, 530,634 N.E.2d 616. In order for the other acts evidence to be admitted, both prongs must be satisfied. Failure to meet one prong defeats the use of such evidence.
 {¶ 21} The first prong, identity, i.e. whether appellant committed the other acts, may be used to prove identity in two situations. The first situation is where the other acts are inextricably interwoven or related to the alleged criminal act. State v. Echols (1998),128 Ohio App.3d 677, 692-693, 716 N.E.2d 728. The second situation is where the other acts involve a unique, identifiable plan of criminal activity so as to establish a modus operandi or behavioral fingerprint. Id. at 693, 716 N.E.2d 728
 {¶ 22} Initially, we find it important to note that "[t]he mere possibility that the defendant might have a better choice of trial tactics if the counts are separated, or the mere possibility that he might desire to testify on one count and not on the other, is insubstantial and speculative; it is not sufficient to show prejudice."Torres at 344, 421 N.E.2d 1288. *Page 8 
 {¶ 23} In light of the record before us, we conclude that the joined offenses share significant common features sufficient to establish a modus operandi that identify Ramsey as the perpetrator. The evidence established that Ramsey preyed upon young girls. The victims' testimony established that the offenses were part of a common scheme whereby Ramsey would take advantage of chaotic situations to isolate the girls from unsuspecting adults and then engage in inappropriate sexual conduct with them. Simply put, the evidence demonstrated that Ramsey's modus operandi was to wait for the minor girls to come into his residence, where he would then wait for the opportunity to get the girl alone or away from another adult, and then assault them. Thus, we agree with the State that under Evid. R. 404(B), evidence of Ramsey's sexual assault with C.P. would have been admissible in a separate trial pertaining to his alleged sexual assault of S.P., and vice versa.
 {¶ 24} Further, the record reflects that the State properly introduced its case in two separate and distinct phases. In the first phase of the trial, the State presented its case against Ramsey as it pertained to the sexual assault of S.P. The second phase of the trial dealt with the charges against Ramsey as they pertained to the sexual assault of C.P. The State did not attempt to confuse or mislead the jury, nor did it attempt to imply that because Ramsey raped one of the girls, he must have raped both of them. Although the two cases were joined, they were each presented on their own distinctive set of facts with little or no overlap. "The jury is believed capable of segregating the proof on multiple charges when the evidence as to each of the charges is uncomplicated." Torres at 343, 421 N.E.2d 1288.
 {¶ 25} Clearly, the jury was not misled and Ramsey was not prejudiced in the instant case because while it chose to convict him on the charges pertaining to C.P., it chose to acquit *Page 9 
Ramsey on the charges with respect to S.P. Had the jury improperly considered the evidence pertaining to Ramsey's separate assaults of each girl, the jury might well have convicted him on all counts, rather than just those counts which pertained to C.P. Thus, we find that Ramsey's trial counsel was not ineffective for having failed to move for severance of counts one and two from counts three and four.
 {¶ 26} Lastly, Ramsey alleges that he was prejudiced by his counsel's failure to request a limiting instruction regarding the other acts evidence introduced at trial. We hold that the record does not support the conclusion that the jury improperly considered other acts evidence pursuant to Evid. R. 404(B). Ohio Jury Instruction 402.61, which by its clear and unequivocal language is inapplicable to the instant case, states in pertinent part:
 {¶ 27} "1. OTHER ACTS OR PRIOR CONVICTIONS. Evidence was received about the commission of (crime[s]) (wrong[s]) (act[s]) other than theoffense(s) with which the defendant is charged in this trial"
 {¶ 28} Likewise, Ramsey's trial counsel was, not ineffective for failing to request a limiting instruction with respect to the other acts evidence introduced during the course of the trial pursuant to Evid. R. 404(B). Even assuming that defense counsel's failure to request a limiting instruction was unreasonable for purposes of an ineffective assistance claim, we find that Ramsey has not demonstrated a reasonable probability that but for his attorney's negligence he would have been acquitted of all of the charges against him. The fact that Ramseywas acquitted of the rape charges pertaining to S.P. clearly demonstrates that the jury was not misled by the trial court's failure to give a limiting instruction on other acts evidence. Thus, the absence of a limiting instruction was neither outcome-determinative nor necessary in the instant *Page 10 
matter, and Ramsey was not prejudiced by his counsel's omission in that regard.
 {¶ 29} Ramsey's sole assignment of error is overruled.
 III {¶ 30} Ramsey's sole assignment of error having been overruled, the judgment of the trial court is affirmed.