[Cite as *State v. Childers*, 2011-Ohio-6742.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10-CA-61 |
| THOMAS CHILDERS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Fairfield County Court of Common Pleas, Case No. 10 CR 0449

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: December 27, 2011

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

JULIA B. DILLON                                    RICHARD A. CLINE
Assistant Prosecuting Attorney                     Richard Cline & Co., LLC
Fairfield County, Ohio                             580 South High St., Suite 200
201 S. Broad St., 4th Floor                        Columbus, Ohio 43215-5644
Lancaster, Ohio 43130

*Hoffman, P.J.*

**(¶1)** Defendant-appellant Thomas Childers appeals his conviction entered by the Fairfield County Court of Common Pleas on one count of felonious assault, a violation of R.C. 2903.11(A)(2). Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**(¶2)** On July 12, 2010, Appellant met his adult son, Luke Childers, at Glass City Barbeque. At the time, Luke Childers was on probation, and his mother, Tammy Nash, drove him to the bar/restaurant and dropped him off. Catherine and Tom Stuck own and operate Glass City Barbeque, and testified Luke Childers was a "regular" at the bar/restaurant.

**(¶3)** Both Appellant and his son drank alcohol at the bar. At some point in the evening, the men became involved in an argument and a physical altercation ensued.

**(¶4)** While outside of the bar waiting for his mother to pick him up, Luke Childers observed a car approach him. Luke claims to have witnessed Appellant driving the car while talking on a cell phone and looking at him. The car proceeded to strike Luke causing injury.

**(¶5)** At approximately 8:18 p.m., Appellant telephoned Sandra Moyer, Luke's aunt and Tammy Nash's sister. He told her to call Tammy Nash and tell her, "I'm going to kill her fuck'n son." Moyer testified she talked to Appellant for ten to twelve minutes and could hear traffic at the end of the call.

**(¶6)** At trial in this matter, the State introduced an audio recording of a voicemail received by Tammy Nash from Appellant at approximately 8:23 p.m. threatening Luke. A second voicemail was received at 8:35 p.m.

**(¶7)** Allison and Terry Porter, who lived across the street from Glass City Barbecue, observed Luke Childers outside the restaurant. They testified at trial to hearing tires squealing, a car accelerating and approaching Luke. They further testified the car had other possible exits, but estimated the speed of the car to be approximately 20-25 miles per hour. They observed the car approach Luke Childers, accelerating at a fast rate of speed, turning toward him. Luke attempted to dodge the car prior to impact. Allison Porter told the police, the car was "trying to kill him."

**(¶8)** The trial court allowed the State to introduce into evidence the tape recordings of the recorded audio messages left by Appellant on Tammy Nash's answering machine. The calls occurred between ten to twenty minutes after the events in the parking lot. The trial court allowed the evidence, but gave a limiting instruction to the jury.

**(¶9)** The Fairfield County Grand Jury indicted Appellant on one count of felonious assault and one count of domestic violence.

**(¶10)** On October 27, 2010, Appellant filed a motion in limine to exclude evidence related to Appellant's prior conviction for domestic violence. The trial court overruled the motion in part.

**(¶11)** Following a jury trial, Appellant was found guilty of the charge of felonious assault, but not guilty of domestic violence. The trial court sentenced Appellant to seven years in prison, to be served consecutively with any other sentence he might be serving in any other case.

**(¶12)** Appellant now appeals, assigning as error:

**(¶13)** "I. THE TRIAL COURT BELOW ERRED BY ADMITTING IMPROPER EVIDENCE AND THUS DENIED MR. CHILDERS A FAIR TRIAL AND DUE PROCESS OF LAW, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. I, §§ 10 AND 16 OF THE OHIO CONSTITUTION.

**(¶14)** "II. THE JURY'S VERDICT WAS BASED ON INSUFFICIENT EVIDENCE AND/OR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

**(¶15)** In the first assignment of error, Appellant asserts the trial court erred in the admission of evidence at trial.  Specifically, Appellant cites the trial court's decision to admit the telephone messages left by Appellant for Tammy Nash the evening of the altercation.  Further, Appellant argues the trial court erred in admitting DNA evidence due to chain of custody and hearsay concerns.

**(¶16)** A trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence. The admission of relevant evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 31, paragraph two of the syllabus. An appellate court that reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion. *State v. Finnerty* (1989), 45 Ohio St.3d 104, 107. As this court has noted many times, the term 'abuse of discretion' connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably. E.g., *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142."

(¶17) A reviewing court should be slow to interfere unless the court has clearly abused its discretion and a party has been materially prejudiced thereby. *State v. Maurer* (1984), 15 Ohio St.3d 239, 264, 473 N.E.2d 768, 791. The trial court must determine whether the probative value of the evidence and/or testimony is substantially outweighed by the danger of unfair prejudice, or of confusing or misleading the jury. See *State v. Lyles* (1989), 42 Ohio St.3d 98, 537 N.E.2d 221.

(¶18) At the trial herein, the State introduced two telephone voicemail messages left for Tammy Nash by Appellant. The first was recorded at 8:23 p.m. on the night of the incident, and stated:

(¶19) "Tam, you'd better call me as soon as possible or your fuck'n son is dead. This is your son's dad."

(¶20) Tr. at 120-121.

(¶21) The second voicemail, left at 8:35 p.m. the same evening, stated:

(¶22) "You need to call me as soon as you get this because your son has got mental problems. He just knocked my tooth out, back-handed me for no reason because he thinks he's my dad. So I've got a problem and I'm going to hurt him real bad. I'm going to show him what all these years that I did in prison means. You can be real proud of your son for hitting your dad. So you need to call me right now."

(¶23) Tr. at 113; 120.

(¶24) The State asserts the second call was not played in its entirety for the jury; rather, the State prepared a redacted version deleting the portion referring to Appellant's years in prison, and the redacted version was played to the jury.

(¶25) The trial court admitted the evidence, with the following limiting instruction:

**(¶26)** "The Court: Ladies and gentlemen, you're going to hear on this tape recorded audio CD what is purported to be the statements of the Defendant, Thomas Childers.

**(¶27)** "One or more of the statements that is purportedly made by Mr. Childers can be construed as a threat.

**(¶28)** "And the Court is instructing you - - and the Court will provide this additional jury instruction to you in writing at the close of the case. But at this point, the Court is instructing you that this evidence that you are going to - - this testimony that is recorded, or statement, rather, can only be construed by you for a limited purpose. It is only to be considered by you for the limited purpose as to the Defendant's state of mind at the time of the commission of the alleged offenses of felonious assault and domestic violence.

**(¶29)** "It is not to be construed by you as what's known as propensity evidence; that is, you are not permitted to consider these statements as evidence that because the Defendant made these statements, that he was, therefore, more likely to have committed the offenses of felonious assault and/or domestic violence.

**(¶30)** "So again, that limiting instruction will be provided to you in written form for your consideration when you begin your deliberations.

**(¶31)** "You can proceed."

**(¶32)** Tr. at 133-134.

**(¶33)** Evidence Rule 404(B) provides:

**(¶34)** **"(B) Other crimes, wrongs or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in

conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

**(¶35)** "Other act evidence can be permissible to prove identity of the defendant, when the evidence proffered forms part of the factual background of the charged crime, and forms part of the foundation thereof and is inextricably linked to the alleged criminal act." *State v. Lowe* (1994), 69 Ohio St.3d 527, 531, 634 N.E.2d 616. Thus, appellant's acts surrounding the time of the appellant's charged offense are admissible when those acts circumstantially tie the defendant to the charged offense, notwithstanding that the "other acts" constitute uncharged crimes in themselves. *Id.*

**(¶36)** Here, the recorded messages demonstrate Appellant's motive, intent, and absence of accident and form part of the factual background of the events occurring outside of the bar on the evening of the incident.  The messages tie Appellant to the charged offense.  We find the trial court did not err in allowing the introduction of the recordings coupled with the limiting instruction.

**(¶37)** Appellant further maintains the trial court abused its discretion in the admission of DNA evidence related to blood samples taken from the car involved in the striking of Luke Childers, as the State failed to demonstrate a sufficient chain of custody for the evidence.

**(¶38)** Generally, chain of custody issues go to the weight, rather than the admissibility of evidence.   See, *State v. Rollins,* 2008-Ohio-6116; *State v. Lenoir,* 2010-Ohio-4910, and *State v. Ross,* 2010-Ohio-5096.

**(¶39)** Evidence Rule 901 states:

**(¶40)** "(A) General provision

**(¶41)** "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

**(¶42)** Appellant asserts the State failed to present witness testimony to affirmatively establish the chain of custody of the DNA samples tested. Rather, the State offered a computer printout exhibit as to the persons who handled the blood samples and introduced the testimony of Adam Garver, a forensic scientist employed by the Ohio Bureau of Criminal Identification and Investigation. Appellant asserts the document contained hearsay statements and the admission of the document violated his Confrontation Clause rights.

**(¶43)** At trial, the trial court stated on the record:

**(¶44)** "The Court: The Court agrees with the State as far as the arguments submitted concerning the chain of evidence; that all those arguments go to weight and not admissibility.

**(¶45)** "The Court also finds that pursuant to Evidence Rule 901(B)(1), there was sufficient evidence by Mr. Garver and the other technician who testified that the documents sought to be admitted - - or BCI documents sought to be admitted are what they claim to be.

**(¶46)** "The Court also finds there is no hearsay problem; that these are business records under Evidence Rule 803(6), and there was sufficient testimony by a person with knowledge. And perhaps most importantly, the Court finds that the holding in Crawford versus Washington relating to the right of a defendant to confront any

witnesses who testify against him are not - - is not violated here.  And the Court would cite counsel to <u>State versus Middlebrooks</u>.  This is a 2010 case decided May 28th 2010; 2010 Ohio 2377, Court of Appeals, Sixth District, Lucas County.  And it acknowledges that <u>Crawford versus Washington</u>, in general, held that the admission of lab reports absent the testimony of the analyst who performed the test violated a defendant's Sixth Amendment right of confrontation.  But is also further cites this <u>Melendez-Dias</u> case in which it is quoted:

**(¶47)** " 'Noting in the US Supreme Court's decision in <u>Melendez-Dias</u> speaks specifically to the admissibility of a second analyst's testimony or whether the Sixth Amendment requires testimony from the analyst who performed the original test.

**(¶48)** "The Court did explain that its decision did not mean that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device must appear in person as part of of the Prosecution's case.

**(¶49)** "And in general, this case goes on to justify the admissibility of evidence when not every technician or not every analyst who is part of the chain of the analysis is present to testify.  There just must be some sufficient testimony and evidence before the Court, which the Court finds was present here."

**(¶50)** Tr. at 444-446.

**(¶51)** Upon review, we find the trial court properly admitted the evidence as an authenticated business record, and the trial court did not violate Appellant's right to confrontation as Appellant had the opportunity to cross-examine the witness introducing the evidence and who prepared the report.

**(¶52)** The first assignment of error is overruled.

II.

**(¶53)** In the second assignment of error, Appellant maintains his conviction was against the manifest weight and sufficiency of the evidence.

**(¶54)** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**(¶55)** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not

translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997–Ohio–260.

**(¶56)** Upon review of the record and testimony presented at trial, we find Appellant's conviction is supported by competent, credible evidence going to all the essential elements of the charge, and the jury did not lose its way in convicting Appellant of felonious assault.

**(¶57)** Appellant was convicted of felonious assault, in violation of R.C. 2903.11(A)(2), which reads:

**(¶58)** "(A) No person shall knowingly do either of the following:

**(¶59)** "Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordinance."

**(¶60)** Luke Childers testified at trial the altercation began in the bar, and when he went to leave his father purposefully attempted to run him over with a car, striking him with the car and causing him physical injury. He further testified he saw his father on the phone during the incident.

**(¶61)** Sandra Moyer testified Appellant called her at either 8:13 p.m. or 8:18 p.m. threatening to kill Luke. She further testified to hearing traffic in the background of the telephone call. Appellant then left a subsequent voicemail, again threatening Luke.

**(¶62)** At 8:23 p.m. Appellant left a voice mail for Tammy Nash threatening Luke.

**(¶63)** Allison and Terry Porter who observed the events outside the bar testified to witnessing the car accelerating and steering toward Luke. They believed the person driving the car was trying to kill the victim.

**(¶64)** We conclude, Appellant's conviction for felonious assault in violation of R.C. 2903.11(A)(2) is not against the manifest weight nor the sufficiency of the evidence.

**(¶65)** The second assignment of error is overruled.

**(¶66)** Appellant's conviction in the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :                JUDGMENT ENTRY
                                                 :
THOMAS CHILDERS                                  :
                                                 :
    Defendant-Appellant                      :                Case No. 10-CA-61


For the reasons stated in our accompanying Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY